**RECEIVED**

**JUN 2 9 2026**

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

DWAYNE JEMON HARRIS - REX EL, Natural Person
and Pro Se

Plaintiff,

v.

**CITY OF FLORISSANT;**
**CITY OF MARYLAND HEIGHTS;**
**ST. LOUIS COUNTY;**
**ANDREW R. BRAMMAN;**
**LASHLY & BAER, P.C.;**
**ANDREW ROSS DAVIS;**
**DEBRA MILLS;**
**CHRISTOPHER DULLE;**
**KELLY LYNN SNYDER;**
Defendants.

Civil Action No. _____
Hon. _____

JURY DEMAND

## CIVIL COVER SHEET INFORMATION

Prepared from Plaintiff's uploaded Civil Cover Sheet template. Court-issued JS 44 form fields may require transfer into the official court form before filing.

### I. Parties

| Field | Completed Entry |
|---|---|
| Plaintiff | DWAYNE JEMON HARRIS - REX EL, natural person, sui juris, Pro Per |
| Defendants | CITY OF FLORISSANT; CITY OF MARYLAND HEIGHTS; ST. LOUIS COUNTY; ANDREW R. BRAMMAN; LASHLY & BAER, P.C.; ANDREW ROSS DAVIS; DEBRA MILLS; CHRISTOPHER DULLE; KELLY LYNN SNYDER |
| Total named defendants | 9 |
| Doe defendants | Doe municipal, court-registry, finance, bond, surety, accounting, software, records, court/county/municipal transmission, and public-finance custodians; identities to be determined. |

## II. Basis of Jurisdiction

| Field | Completed Entry |
|---|---|
| Selected box | Federal Question |
| Do not select | U.S. Government Plaintiff; U.S. Government Defendant; Diversity |
| Jurisdiction statement | Federal civil-rights action arising under the Constitution and laws of the United States; supplemental state-law claims pleaded where applicable. |

## III. Nature of Suit

| Field | Completed Entry |
|---|---|
| Selected nature of suit | 440 - Civil Rights: Other |
| Short description | Civil-rights / due-process / record-integrity / source-record / accounting / financial-interest / correction action. |

## IV. Origin

| Field | Completed Entry |
|---|---|
| Selected origin | 1 - Original Proceeding |

## V. Cause of Action

| Field | Completed Entry |
|---|---|
| Cause | 4th, 5th and 14th Amendment Violations, 42 U.S.C. § 1983 - civil action for deprivation of rights under color of law; declaratory, injunctive, corrective, accounting, preservation, and damages relief as pleaded. |

## VI. Requested in Complaint

| Field | Completed Entry |
|---|---|
| Jury demand | Yes |
| Relief categories | Compensatory damages; punitive damages only where legally available against individual defendants; declaratory relief; injunctive/corrective relief; accounting/production/preservation relief; costs/fees where |

Page 2 of 3

| | legally available. |
|---|---|
| Class action | No |

## VII. Related Cases

| Field | Completed Entry |
|---|---|
| Related case(s)  N/A | To be completed by Plaintiff with exact prior federal case number(s), date(s), and disposition if required by the official JS 44 / local filing system. |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

DWAYNE JEMON HARRIS - REX EL, Natural Person and Pro Se

Plaintiff,

v.

CITY OF FLORISSANT;
CITY OF MARYLAND HEIGHTS;
ST. LOUIS COUNTY;
ANDREW R. BRAMMAN;
LASHLY & BAER, P.C.;
ANDREW ROSS DAVIS;
DEBRA MILLS;
CHRISTOPHER DULLE;
KELLY LYNN SNYDER;
DOE MUNICIPAL, COURT-REGISTRY,
FINANCE, BOND, SURETY, ACCOUNTING,
SOFTWARE, RECORDS, COURT / COUNTY /
MUNICIPAL TRANSMISSION, AND
PUBLIC-FINANCE CUSTODIANS,

Defendants.

Civil Action No. _____

## VERIFIED FEDERAL CIVIL COMPLAINT

## AND DEMAND FOR JURY TRIAL

**Financial-Interest, Source-Record, Private-Property, Non-Waiver, and Due-Process Action**

1. Clearfield Doctrine — Commercial Paper Status: Defendants are engaged in the creation, issuance, enforcement, and collection of commercial paper, bonds, and securities in the NAME/record DWAYNE JEMON HARRIS. Clearfield Trust Co. v. United States, 318 U.S. 363 (1943). When the government enters commercial paper markets, it is not entitled to sovereign or qualified immunity for commercial acts. Municipal corporations acting as commercial paper creators are "persons" under § 1983 and must follow commercial law identical to private parties. Authority Packet § 25.

2. Municipal Corporation Status: Florissant and Maryland Heights are municipal corporations. Municipal corporations acting under color of state law are "persons" under § 1983. Monell v. Department of Social Services, 436 U.S. 658 (1978). Municipal corporations are not sovereign. Northern Railroad v. New York, 106 U.S. 700 (1883). They cannot claim Eleventh Amendment immunity. Authority Packet § 27

3. Article I vs. Article III Tribunal: Florissant Municipal Division, Maryland Heights Municipal Division, and St. Louis County Courts enforcement machinery are not Article III courts. Murray's Lessee v. Hoboken Land & Improvement Co., 59 U.S. 272 (1856) confirms that administrative enforcement of public debts, balances, warrants, and collection processes is not Article III judicial power, and that due process depends on lawful source authority, accounting, record certification, and legally recognized process. Defendants cannot invoke municipal administrative enforcement machinery while withholding the source law, source record, accounting record, bond / registry / security record, DOR-transmission record, and custodian certification proving lawful authority for the deprivation and continued enforcement. They operate through delegated statutory authority, public-right administration, accounting, agency record, and source-law limits. Due process turns on source law, source record, accounting, and lawful authority.   Authority Packet §1, 26

4. Sealed Financial-Interest Record and Living Man Status: The STATE-maintained NAME/record DWAYNE JEMON HARRIS was created on or about November 27, 1978. The record is sealed and carries rights and financial-interest designation. Plaintiff Dwayne Jemon Harris - Rex El was born October 31, 1978. The NAME/record is distinct from the living man and carries estate, trust, property, and financial interests that defendants have conveyed to private commercial paper structures without producing the bond, registry, surety, security, or transfer records.  Ex. A-3, P-10, Authority Packet § 4

5. Notice of Election and Disaffirmance: Plaintiff recorded a Notice of Election & Declaration of Disaffirmance, recorded February 19, 2026, St. Louis County Recorder of Deeds Document No. 2026021900444. That instrument disaffirms all prior legal relations, demands return to source of all property/value extracted from the Estate res, and demands full accounting of the specific res and all proceeds/value. Any enforcement action after that notice operates on actual notice of disaffirmance, return-to-source duty, and restitutionary obligation. Ex. B-7- B-16

6. Final Notice to Agencies: Plaintiff's FINAL NOTICE TO AGENCIES, dated April 7, 2026, is a preserved notice instrument identifying Plaintiff's executor authority, recorded estate/res position, trust-property position, source-record demand, and demand for preservation. It is not pleaded as completed service upon federal agencies. It is pleaded as part of Plaintiff's preserved record, court-filed notice chain, and source-record foundation.

7. Menna/Tollett Waiver: A guilty plea does not waive § 1983 claims challenging post-judgment record maintenance, DOR transmission, accounting nondisclosure, financial-interest nondisclosure, or continued enforcement after notice. Menna v. New York, 423 U.S. 61 (1975); Blackledge v. Allison, 436 U.S. 407 (1978). These claims challenge conduct independent of the conviction itself and were unknown or incapable of being raised at the time of the plea. The claims here do not imply the invalidity of any conviction or sentence.  Authority Packet § 28

## I. CITATION CONTROL, AUTHORITY HIERARCHY, AND SOURCE RECORD

8. Plaintiff files this Verified Federal Civil Complaint from the Official Exhibit Record, Public Redacted Copy, and the Plaintiff's Official Authority Packet, Public Filing Copy.

9. Court-facing facts come from the Official Exhibit Record. Each factual citation identifies the exhibit letter, sub-exhibit number, and public-redacted packet page where available.

10. Court-facing law comes from the Official Authority Packet and the controlling authority hierarchy stated below.

11. The selected Practice of Law White Paper pages are included only for the limited exhibit purpose stated in Exhibit Q and are not pleaded as independent controlling authority. Court-facing facts come from the Official Exhibit Record, and court-facing law comes from the Official Authority Packet and controlling authority hierarchy.

12. The Official Exhibit Record states that selected pages prove notice, record existence, filing, service, financial/accounting architecture, public-finance structure, Fidelity return preservation, and record-correction issues. Official Exhibit Record p. 4.

13. The Official Exhibit Record states that sensitive identifiers are redacted while preserving the evidentiary fact each page proves. Official Exhibit Record p. 4.

14. The Official Exhibit Record states that main exhibit letters identify record categories and sub-exhibit labels identify individual source pages. Ex. Official Exhibit Record p. 4.

15. No docket label, prosecutor statement, municipal custom, software output, agency assertion, clerk notation, institutional assurance, or governmental title substitutes for authenticated source records and controlling law. Authority Packet § 24 supplies the final authority chain for complaint audit, confirming that constitutional rights, estate/res/property authority, rule-book architecture, statutory money flow, due-process chain, and federal procedure chain must be pleaded in a single Rule-compliant structure. Authority Packet §§ 1, 3, 22, 24.

## TABLE OF AUTHORITIES - TIERED HIERARCHY

The complaint uses this hierarchy: Constitution, Statutes at Large, holdings of the Supreme Court of the United States, congressional record / congressional enactments, U.S. Code parenthetical editorial placements only, and record facts / procedural context. Missouri statutes, Missouri court rules, 21st Judicial Circuit local rules, Federal Rules, municipal records, DOR records, financial reports, and docket records are pleaded as record facts and procedural context in the federal counts. Missouri law is used as controlling state-law authority only inside Count VI for supplemental Missouri claims.

| Tier | Authorities / Records | Use in Complaint |
|---|---|---|
| Tier 1 - Constitution | Article III; Fourth Amendment; Fifth Amendment; Seventh Amendment; Ninth Amendment; Fourteenth Amendment | Jurisdiction, person/papers/effects, due process, property, jury, retained rights, state-action injury. |
| Tier 2 - Statutes at Large | Public Resolution No. 67, ch. 183, 54 Stat. 178; Civil Rights Act of 1871, ch. 22, 17 Stat. 13; Act of July 30, 1947, ch. 388, 61 Stat. 633; Judiciary Act of 1789, ch. 20, 1 Stat. 73; Judicial Code Act of March 3, 1911, ch. 231, 36 Stat. 1087 | Civic citizenship, civil-rights action, vessel definition source, admiralty/court structure, judicial power. |
| Tier 3 - Supreme Court of the United States | Marbury; Loper Bright; Mullane; Mathews; Loudermill; Roth; Perry; Tumey; Ward; Aetna; Caperton; Constantineau; Goss; Soldal; Jacobsen; Webb's; Phillips; Exxon Mobil; Skinner; Monell; Pembaur; City of Canton; Gibbs; Carnegie-Mellon; The Moses Taylor; Waring; Taylor v. Carryl; Ashcroft v. Iqbal, 556 U.S. 662 (2009); Taylor v. Sturgell, 553 U.S. | Independent judgment, source-record review, due process, property interests, financial-interest due process, record injury, improper-appeal limits, municipal liability, supplemental jurisdiction, in |

| Tier | Authorities / Records | Use in Complaint |
|---|---|---|
| | 880 (2008) | rem/res principles. |
| Record Facts / Procedural Context | RSMo §§ 483.310, 483.312, 479.020.6; Missouri Rule 37; 21st Judicial Circuit Rules 12, 12.2-12.6, 69.04; Federal Rules as descriptive filing procedure; Exhibits A-Q | Official architecture, custody, registry, bond, accounting, transfer, DOR injury, financial reports, Fidelity returns, and correction records. |
| Editorial Placement Only | (current editorial placement: 28 U.S.C. §§ 1331, 1333, 1343, 1367, 2201, 2202 (editorial commentary, not law)); (current editorial placement: 42 U.S.C. § 1983 (editorial commentary, not law)) | Parenthetical location references only; not controlling authority in this complaint hierarchy. |

## TIMELINE OF RECORD EVENTS

| Date | Event | Legal Consequence |
|---|---|---|
| 10/16/2025, 1:39 p.m. | Missouri UCC-1 Filing No. 20251016001383257 identified in the recorded Notice of Recordation and Security Agreement. Ex. B-3, Official Exhibit Record p. 11; Ex. B-5, Official Exhibit Record p. 13. | Constructive notice and claimed secured-party / estate-record foundation; source-record and superior-authority demand follows from continued use. |
| 12/10/2025, 3:05:27 p.m. | St. Louis County Recorder Document No. 2025121000523 filed; instrument type NOTICE; 11 pages; recording fee $51.00; grantor HARRIS-REX EL, DWAYNE. Ex. B-2, Official Exhibit Record p. 10. Security Agreement identifies REX EL MEMORIAL ESTATE TRUST as Secured Party and DWAYNE JEMON HARRIS (Registered Estate) as Debtor; declared bonded value $100,000,000,000.00 USD. Ex. B-5, Official Exhibit Record p. 13. | Recorded notice of estate/res/security chain; later continuation is measured against this record. Property/res/trust-property source record and accounting demand foundation. |
| 12/11/2025, 5:00 p.m. | CITY OF MARYLAND HEIGHTS proceeded against the NAME / estate designation in Case Nos. 230257731 and 230257732 after profert and oyer / source-record demand. Ex. C-8; Ex. C-9. pp. 60-61 \| Preserves conviction, payment, DOR/license, source-record, actor-record, and correction injury. \| | Preserves Maryland Heights conviction, payment, DOR/license, source-record, actor-record inconsistency, accounting, and correction injury after profert and oyer / source-record demand. |
| 02/19/2026, 12:15:09 p.m. | Notice of Election Recorder Certification, Document No. 2026021900444; 10 pages; recording fee $48.00. Ex. B-7, Official Exhibit Record p. 15. | Recorded disaffirmance / estate-res notice; accounting and return-to-source record issue preserved. |
| 03/11/2026 | Florissant docket entries state guilty plea / guilty plea written and payment posture. Ex. C-2 through C-6, Official Exhibit Record pp. 54-58. | False or unsupported guilty-plea source-record issue; waiver record demanded. |
| 04/03/2026 | St. Louis County opened Trial de Novo | Preserves Trial de Novo |

| Date | Event | Legal Consequence |
|---|---|---|
| | certification track; Judge Assigned; Certification Hearing Scheduled; 05/06/2026 hearing set before KELLY LYNN SNYDER; Application for Trial de Novo filed. | Preserves Trial de Novo transfer, certified-file, assigned-actor, Rule 69.04, bond-paperwork, custody, and source-record issue. | | certification, assigned-judge, certified-file transfer, Rule 69.04 bond-paperwork, custody, accounting, and source-record issues. |
| 04/06/2026 | DOR Petition First Page. Ex. K-2, Official Exhibit Record p. 112. | Concrete license/point/record injury and redressability through municipal/court/county record correction and recall. |
| 04/29/2026 | Florissant court-filed notice preserves source-record, accounting, property, DOR, and correction issues. Ex. D-2 through D-5, Official Exhibit Record pp. 63-66. | Notice begins nonproduction and continuation timeline. |
| 05/01/2026 | Subpoena / ledger / accrual-accounting demand seeks ledgers, receivables, DOR transmissions, custodian certification, and accounting records. Ex. E-2 through E-6, Official Exhibit Record pp. 68-72. | Precise production categories; nonproduction establishes source-record and accounting controversy. |
| 05/08/2026; 05/11/2026 delivery | Maryland Heights notice with mailing proof. Ex. H-2 through H-9, Official Exhibit Record pp. 88-95. | Maryland Heights notice and accounting / trust-property demand. |
| 05/13/2026 | Amended Response preserves res/property issue, two threshold questions, nonproduction, and superior-authority demand. Ex. F-2 through F-6, Official Exhibit Record pp. 74-78. | Source-record issue focused on what was charged, collected against, transmitted, restrained, or enforced upon. |
| 05/27/2026 | Bramman / Lashly & Baer responsibility record and email proof. Ex. G-2 through G-8, Official Exhibit Record pp. 80-86. | Attorney/law-firm notice, appearance risk, no production, and continued prosecution. |
| 05/27/2026; 05/28/2026 delivery | Maryland Heights Notice of Fault with mailing proof. Ex. I-2 through I-10, Official Exhibit Record pp. 97-105. | Second Maryland Heights notice; nonresponse and no authenticated accounting. |
| DOR record dates shown in Exhibit K | DOR Response / Conviction-Points Page and DOR Convictions / Points / Injury Page. Ex. K-3 through K-4, Official Exhibit Record pp. 113-114. | Downstream injury; DOR is not named as Defendant; correction relief flows through municipal and record custodians. |

## II. PARTIES, CAPACITIES, AND DEFENDANT CATEGORIES

16. Plaintiff Dwayne Jemon Harris - Rex El appears as a natural person, sui juris. Plaintiff's rights are secured by U.S. Const. amends. IV, V, IX, XIV and Mo. Const. art. I, §§ 10, 26, 28.

17. Plaintiff Dwayne Jemon Harris - Rex El is a living man, a natural person, with § 1983 standing to bring this action in his personal capacity. The state-created NAME/record "DWAYNE JEMON HARRIS" is property of Rex El Memorial Estate Trust, a private ecclesiastical trust. Plaintiff serves as Trustee of said Trust and appears in his representative capacity as Trustee to protect the Trust's property interest in the NAME/record.

18. The Official Exhibit Record contains a redacted passport identity page identifying the name/capacity identity DWAYNE JEMON HARRIS - REX EL. Ex. A-2, Official Exhibit Record p. 6.

19. The Official Exhibit Record contains a redacted certified Certificate of Live Birth front showing certified birth-record foundation. Ex. A-3, Official Exhibit Record p. 7.

20. The Official Exhibit Record contains a redacted Social Security Record showing name/numerical-record foundation. Ex. A-4, Official Exhibit Record p. 8.

21. DWAYNE JEMON HARRIS is the State-created NAME / record / estate designation used in municipal, court, DOR, accounting, payment, and enforcement systems.

22. Defendant CITY OF FLORISSANT is connected to Florissant docket records, false "Guilty Plea" record, Trial De Novo posture, payment records, source-record demands, accounting demands, prosecutor conduct, and continued enforcement. Ex. C; Ex. D; Ex. E; Ex. F; Ex. G.

23. Defendant CITY OF MARYLAND HEIGHTS is connected to Maryland Heights notices, court records, guilty finding, payment agreement, accounting demand, nonresponse, and DOR/license injury. Ex. H; Ex. I; Ex. J; Ex. K; Ex. C-8; Ex. C-9.

24. Defendant ST. LOUIS COUNTY is connected to Trial De Novo, Circuit Clerk, registry, bond, court-record custody, accounting, public-deposit, and record-control functions. Ex. C; Ex. K; Ex. L; Ex. M; Ex. N.

25. Defendant Andrew R. Bramman is identified as counsel/prosecuting actor for CITY OF FLORISSANT in the Florissant record chain. Ex. C; Ex. G.

26. Defendant Lashly & Baer, P.C. is connected to the May 27 Bramman / Lashly & Baer responsibility record, service, nonproduction, and continued prosecution after notice. Ex. G-2 through G-8, Official Exhibit Record pp. 78-84.

27. Defendant Andrew Ross Davis is identified in the Maryland Heights actor record as prosecutor. Ex. J.

28. Defendant Debra Mills is identified in the Maryland Heights actor record as municipal court administrator. Ex. J.

29. Defendant Christopher Dulle is identified in court records as municipal judicial actor. Ex. J; Ex. G-5, Official Exhibit Record p. 83.

30. Defendant Kelly Lynn Snyder is connected to Trial De Novo proceedings and threshold process issues in the Florissant record chain. Ex. C.

31. The Missouri Department of Revenue is not named as a Defendant. DOR records are pleaded as downstream injury records, transmission records, and correction records arising from municipal, court, clerk, prosecutor, county, and custodian conduct. Ex. K-2 through K-4, Official Exhibit Record pp. 112-114.

32. Doe Defendants are limited to municipal, court-registry, finance, bond, surety, accounting, software, records, court / county / municipal transmission, and public-finance custodians whose identities are

established through discovery, custodian certification, subpoena response, record production, and official records.

33. Each Defendant is tied to date, act, notice, source record, legal duty, causation, injury, count, and relief. Authority Packet § 20.

## III. RIGHTS, NON-WAIVER, ESTATE, RES, VESSEL, TRUST PROPERTY, AND PROPERTY RECORD

34. Plaintiff's rights originate with the Creator - God - and are secured, not granted, by the Constitution.

35. The Constitution secures rights; it does not create the totality of rights retained by the people. Authority Packet § 1.

36. The Ninth Amendment preserves retained rights not enumerated in the Constitution. Authority Packet § 1.

37. The Fourth Amendment secures persons, houses, papers, and effects. Authority Packet § 1.

38. The Fifth Amendment prohibits deprivation of life, liberty, or property without due process of law and prohibits taking private property for public use without just compensation. Authority Packet § 1.

39. The Fourteenth Amendment prohibits a State from depriving any person of life, liberty, or property without due process of law. Authority Packet § 1.

40. Plaintiff's personal constitutional rights, property rights, record rights, and due-process rights are not displaced by docket labels, agency assertions, clerk notation, prosecutor argument, municipal custom, or software output. Authority Packet § 1.

> 40A. Missouri Constitution Article I, Section 10 prohibits deprivation of life, liberty, or property without due process of law. Missouri Constitution Article I, Section 26 prohibits taking or damaging private property for public use without just compensation. Missouri Constitution Article I, Section 28 requires judicial determination of public use without regard to legislative declaration. Authority Packet § 1

41. Plaintiff did not plead guilty in the Florissant matters.

42. Plaintiff did not execute a written guilty plea, written waiver, plea petition, authenticated plea agreement, or other instrument intentionally relinquishing personal constitutional protections.

43. No Defendant produced a signed plea, plea colloquy, recording, transcript, written waiver, authenticated plea agreement, or authenticated source record proving a knowing, voluntary, personal guilty plea.

44. The Florissant docket records state "Guilty Plea" / "Guilty Plea Written" and show sentencing, payment, and Trial De Novo posture. Ex. C-2 through C-7, Official Exhibit Record pp. 54-59.

45. The Maryland Heights record contains "Tried by Court - Guilty," earlier not-guilty plea, payment agreement, and actor record. Ex. C-8, C-9, J-2, J-5, Official Exhibit Record pp. 60-61 & 107-110.

46. The DOR record contains downstream license/point injury tied to municipal convictions/points. Ex. K-2 through K-4, Official Exhibit Record pp. 112-114.

47. An estate is a rights-bearing property subject because it is a bundle of rights, interests, claims, records, proceeds, accounts, property interests, and obligations. Authority Packet § 4.

48. A res is the thing, property, subject matter, rights-bearing object, or identified interest before the court, under administration, or held in trust. Authority Packet § 4.

49. Property includes rights, interests, claims, proceeds, accounts, records, and things capable of ownership, control, transfer, pledge, accounting, administration, lien, custody, or disposition. Authority Packet § 4.

50. Congress defined vessel through the Act of July 30, 1947, ch. 388, 61 Stat. 633, using the words "includes," "every description," "watercraft," and "other artificial contrivance." Authority Packet § 4.

51. Article III and the judicial-power statutes recognize admiralty and maritime jurisdiction (current editorial placement: 28 U.S.C. § 1333). Authority Packet § 4.

52. In an in rem proceeding, the court proceeds against the res or property; the property itself is the subject of the proceeding; and persons asserting an interest appear to propound and protect that interest. The Moses Taylor, 71 U.S. (4 Wall.) 411 (1867); Waring v. Clarke, 46 U.S. (5 How.) 441 (1847); Taylor v. Carryl, 61 U.S. (20 How.) 583, 599 (1858).  Authority Packet § 38

53. The Official Exhibit Record contains Recorder Certification for Document No. 2025121000523, filed December 10, 2025, 3:05:27 p.m., instrument type NOTICE, 11 pages, recording fee $51.00, grantor HARRIS-REX EL, DWAYNE. Ex. B-2, Official Exhibit Record p. 10.

54. The Official Exhibit Record contains Notice of Recordation identifying Affidavit of Bonded Estate, Security Agreement, UCC-1 filing number 20251016001383257, and related record references. Ex. B-3, Official Exhibit Record p. 11.

55. The Official Exhibit Record contains a Security Agreement identifying REX EL MEMORIAL ESTATE TRUST as Secured Party, DWAYNE JEMON HARRIS (Registered Estate) as Debtor, and a declared bonded value of $100,000,000,000.00 USD. Ex. B-5, Official Exhibit Record p. 13.

56. The Official Exhibit Record contains Notice of Election Recorder Certification, Document No. 2026021900404, filed February 19, 2026, 12:15:09 p.m., 10 pages, recording fee $48.00. Ex. B-7, Official Exhibit Record p. 15.

57. The Official Exhibit Record contains Notice of Election pages preserving notice, purpose, disaffirmance, return-to-source, estate-res terms, restitution, accounting requirement, authority, identity, venues, election, demand for cessation, foundling registration, legal-person record, municipal corporation / trustee bridge, preservation, conclusion, and execution/notary page. Ex. B-8 through B-16, Official Exhibit Record pp. 16-24.

58. Defendants continued using the NAME / record / estate designation in charging, docketing, conviction, payment, DOR, accounting, and enforcement systems after recordation and notice.

59. The source-record issue is the identification of the property, the interest asserted, the source record, the authority for custody or enforcement, the accounting record, the custodian, the proceeds, and the disposition record.

## IV. 54 STAT. 178, CONGRESSIONAL CIVIC MEANING, SELF-GOVERNMENT, AND PEJORATIVE-LABEL BAR

60. Public Resolution No. 67, ch. 183, 54 Stat. 178, is a Joint Resolution authorizing recognition, observance, and commemoration of American citizenship. Authority Packet § 2.

61. Congress used the phrase "sovereign citizens of our Nation" in connection with citizenship, coming of age (age of majority), naturalization, responsibility, self-government, public instruction, civic observance, and judicial cooperation. Authority Packet § 2.

62. Congress connected the phrase to preparation for the responsibilities and significance of citizenship in a self-governing Republic. Authority Packet § 2.

63. Congress invited civil and educational authorities of States, counties, cities, and towns to plan instruction for future citizens in the responsibilities and opportunities of citizenship. Authority Packet § 2.

64. Congress directed judicial cooperation in addressing newly naturalized citizens on the form and genius of government and the privileges and responsibilities of citizenship. Authority Packet § 2.

65. Plaintiff invokes the congressional civic meaning of the phrase only: citizenship, self-government, responsibility, public instruction, record accountability, and lawful participation in the constitutional order.

66. Plaintiff's demand for source law, source records, violated right, injured interest, plea / waiver record, accounting record, bond / registry / security record, DOR transmission record, superior authority, and custodian certification is an exercise of civic responsibility within the congressional self-government context.

67. Plaintiff's record demands do not reject law, court authority, lawful process, or constitutional order. Plaintiff demands that Defendants identify the source law, source record, authority, injured interest, accounting, and custodian record supporting the challenged governmental acts.

68. The Court nor the Defendants cannot convert Congress's civic phrase into a derogatory enforcement label, criminal label, extremist label, jurisdiction-defeating label, credibility attack, or substitute for source-record proof.

69. A pejorative use of the phrase establishes no jurisdiction, no waiver, no guilty plea, no authority, no accounting, no bond status, no registry status, no DOR authority, no financial-interest disclosure, no lawful enforcement, and no custodian certification.

70. Wisconsin v. Constantineau, 400 U.S. 433 (1971), confirms that state-imposed stigma plus legal consequence requires due process. Speiser v. Randall, 357 U.S. 513 (1958), confirms that government cannot burden the exercise of constitutional rights through presumptive loyalty tests or unsupported conditions. Authority Packet § 39

71. Any defense, pleading, record, argument, docket entry, software notation, or institutional response using the phrase as a negative label instead of answering the source-record demands is label substitution, not evidence.

72. Court review proceeds from the record, statutes, rules, authenticated source documents, and controlling law. Authority Packet §§ 2, 3, 22.

---

## V. SOURCE LAW, SOURCE RECORD, AND INDEPENDENT JUDGMENT

73. Loper Bright Enterprises v. Raimondo holds that courts exercise independent judgment in determining statutory meaning and do not defer to agency interpretation of statutory ambiguity. Authority Packet § 3.

74. Marbury v. Madison states that it is the province and duty of the judicial department to say what the law is. Authority Packet § 3.

75. Federal review of statutory, constitutional, and source-record issues requires independent judicial judgment. Authority Packet § 3.

76. No prosecutor statement, agency position, municipal custom, court habit, docket label, software entry, clerk notation, institutional assurance, or governmental title substitutes for source records and controlling law. Authority Packet § 3.

77. Plaintiff demanded source law, source records, injured-party / public-right records, plea / waiver records, accounting records, bond / registry / security records, DOR transmission records, superior authority, bridge records, and custodian certification. Ex. D; Ex. E; Ex. F; Ex. G; Ex. H; Ex. I.

78. Defendants produced no complete authenticated source-record chain satisfying those demands.

> 78a.  Article III, Section 2 states that in cases where a State is a party, the Supreme Court has original jurisdiction. CITY OF FLORISSANT, CITY OF MARYLAND HEIGHTS, and ST. LOUIS COUNTY are municipal / county enforcement actors proceeding under color of state law, not the State sovereign itself. They cannot claim State-derived enforcement authority while withholding the source law, source record, injured-public-right record, plea / waiver record, bond / registry / security record, accounting record, DOR-transmission record, financial-interest record, and custodian certification proving lawful authority for the challenged acts.

---

## VI. JURISDICTION, VENUE, FEDERAL PROCEDURE DESCRIPTION, AND JURY DEMAND

79. This Court has federal-question jurisdiction through Article III, the Civil Rights Act of 1871, ch. 22, 17 Stat. 13, and the judicial-power statutes (current editorial placement: 28 U.S.C. § 1331) because Plaintiff pleads violations of rights secured by the Fourth, Fifth, Ninth, and Fourteenth Amendments and civil-rights claims arising under federal law. Authority Packet §§ 1, 17.

80. This Court has civil-rights remedial authority for color-of-law conduct, declaratory relief, injunctive relief, and fees where legally authorized through the Civil Rights Act of 1871, ch. 22, 17 Stat. 13 (current editorial placement: 42 U.S.C. § 1983 (editorial commentary, not law)). Authority Packet § 17.

81. Supplemental jurisdiction exists over related Missouri claims arising from the same records, notices, proceedings, financial/accounting systems, DOR consequences, and property/res issues (current editorial placement: 28 U.S.C. § 1367 (editorial commentary, not law)). Authority Packet § 17.

82. Venue lies in this District because the municipal proceedings, county records, DOR consequences, notices, Defendants, records, custodians, and injuries arise within the Eastern District of Missouri.

83. This complaint uses numbered paragraphs, separate counts, public-redacted exhibits, exact exhibit references, and separate relief paragraphs as filing structure and procedural description.

84. Plaintiff demands trial by jury under the Seventh Amendment on all issues triable to a jury.

## VII. INDEPENDENT FEDERAL INJURY AND NO IMPROPER FEDERAL APPEAL

85. Plaintiff does not ask this Court to sit as a municipal appellate court.

86. Plaintiff challenges independent federal injuries arising from false or unsupported record maintenance, source-record refusal, financial-interest nondisclosure, DOR consequences, accounting refusal, property/res interference, and continued enforcement after notice.

87. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), limits Rooker-Feldman to cases where a federal plaintiff complains of injury caused by a state-court judgment and seeks federal review and rejection of that judgment.  Authority Packet § 20

88. Skinner v. Switzer, 562 U.S. 521 (2011), confirms that a federal claim challenging conduct and procedures independent of the state judgment is not barred simply because related state proceedings exist. Authority Packet § 20

89. The Authority Packet addresses Rooker-Feldman, Younger, Heck, and preclusion barriers.  Authority Packet § 20.

90. Plaintiff seeks prospective, corrective, declaratory, accounting, preservation, DOR-related, and damages relief tied to independent federal injuries and Defendant conduct.

91. The injuries include false guilty-plea record injury, DOR/license/point injury, property/res injury, record-integrity injury, accounting/source-record injury, financial-interest nondisclosure injury, and continued-enforcement injury.

92. Rooker-Feldman / Younger / Heck: This action is a § 1983 civil-rights action for damages, declaratory relief, injunctive relief, and accounting. It does not seek appellate review of any state-court judgment. Rooker-Feldman does not apply. No ongoing state criminal prosecution subjects this case to Younger abstention. Heck v. Humphrey, 512 U.S. 477 (1994), does not bar these claims because they challenge post-judgment record maintenance, accounting nondisclosure, commercial-paper creation, DOR transmission, and continued enforcement independent of conviction validity. Authority Packet § 20.

## VIII. STANDING AND REDRESSABILITY WITH FACTUAL SPECIFICITY

93. Standing is established by the Florissant guilty-plea / guilty-plea-written docket entries, Trial De Novo transfer posture, and lack of authenticated plea / waiver source record. Ex. C-2 through C-7, Official Exhibit Record pp. 54-59.

94. Standing is established by the Maryland Heights guilty-finding, earlier not-guilty plea, payment agreement, and actor record. Ex. C-8, C-9, J-2, J-5 Official Exhibit Record pp. 60-61 & 107-110.

95. Standing is established by DOR conviction / point / license-record injury. Ex. K-2 through K-4, Official Exhibit Record pp. 112-114.

96. Standing is established by the December 10, 2025 recorded notice, UCC/security chain, Notice of Election, and estate/res/trust-property record. Ex. B-2 through B-44, Official Exhibit Record pp. 10-52.

97. Standing is established by the April 29, May 1, May 13, May 27, May 8, and May 27 notices and demands served or filed before continued enforcement. Ex. D; Ex. E; Ex. F; Ex. G; Ex. H; Ex. I, Ex. J.

98. Causation is established by Defendants' creation, maintenance, transmission, reliance, nonproduction, refusal to correct, and continued enforcement after notice.

99. Redressability is established by correction of false or unsupported records, withdrawal of unsupported municipal transmissions, recall of unsupported DOR consequences, production of source records, accounting, custodian certification, preservation, declaratory relief, prospective relief, and damages authorized by law.

100. The DOR record is injury and correction evidence. The Missouri Department of Revenue is not named as a Defendant.

## IX. PRIVACY AND IDENTIFIER CONTROL

101. The public filing uses redactions for sensitive personal identifiers. Ex. FM-3, Official Exhibit Record p. 4.

102. The redactions protect private identifiers while preserving the evidentiary fact each page proves. Ex. FM-3, Official Exhibit Record p. 4.

103. Plaintiff preserves unredacted source records for sealed, in camera, or court-ordered review.

104. Defendants used identity, NAME, number, case, citation, DOR, payment, court, software, and accounting records in public and administrative systems.

105. Redaction does not eliminate the source-record, identity, capacity, property, DOR, accounting, or enforcement injury.

## IX-A. IMMUNITY, STATE ACTION, AND NO ABSOLUTE OR QUALIFIED DEFENSES

106. None of the individual Defendants (Bramman, Davis, Mills, Dulle, Snyder, or Doe custodians) are entitled to absolute immunity for the administrative, record-keeping, accounting, financial, clerical, and enforcement acts alleged in this complaint.

107. Judicial immunity does not extend to administrative, executive, record-keeping, financial, or non-judicial acts. Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349 (1978) (immunity is limited to judicial acts). Authority § 29

108. Prosecutorial immunity does not extend to administrative record-keeping, evidence fabrication, financial disclosure, accounting, or non-advocacy functions. Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Imbler v. Pachtman, 424 U.S. 409 (1976) (absolute immunity is limited to advocacy functions). Authority Packet § 29

109. Qualified immunity is unavailable where, as here, the rights allegedly violated were clearly established and each individual Defendant had actual knowledge of the violation from the recorded notices, demands, and legal arguments served upon them before continuing the challenged conduct. Hope v. Pelzer, 536 U.S. 730 (2002) (officials are on notice when the contours of a right are sufficiently clear). Authority Packet § 29

110. No Defendant is entitled to legislative immunity because the challenged acts are not legislative votes or proceedings but administrative record-keeping, financial reporting, prosecution, and enforcement.

111. No Defendant is entitled to Eleventh Amendment immunity because the municipal entities chose federal court as a forum and the individual Defendants are sued in their personal and official capacities for conduct performed under color of state law.

112. Private attorneys (Bramman, Lashly & Baer, Davis) acted under color of state law where they were appointed or retained to prosecute municipal ordinances functioning as state-created courts, directed arrests, controlled docket records, transmitted records to DOR, enforced penalties, and were integral participants in the state-created machinery. Their conduct satisfies the state-action nexus test. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922 (1982); West v. Atkins, 487 U.S. 42 (1988).   Authority Packet § 29

113. Continued prosecution, record maintenance, and enforcement after actual notice of constitutional and source-record challenges is not the exercise of good-faith prosecutorial discretion but deliberate indifference to clearly established rights.

114. No adequate state remedy exists at law for the specific federal injuries alleged: the independent federal claims involve record integrity, accounting nondisclosure, financial-interest nondisclosure, Fourth Amendment interference with records and effects, and continued enforcement after notice — claims that state habeus, state mandamus, or state administrative remedies are procedurally barred from reaching or factually incapable of redressing.

115. Plaintiff does not rely on any state remedy as a prerequisite to this § 1983 action because the claims arise directly under the Fourth, Fifth, Ninth, and Fourteenth Amendments and the Civil Rights Act of 1871, ch. 22, 17 Stat. 13.  Authority Packet § 1 & 17

## X. THREE-LAYER FINANCIAL PROOF STRUCTURE

116. Layer One consists of official rule-book and statutory architecture: Rules 12, 12.2, 12.3, 12.4, 12.5, 12.6, Rule 69.04, RSMo § 483.310, and RSMo § 483.312 as record facts and procedural context. Ex. L; Authority Packet §§ 5, 7, 8, 10.

117. Exhibit L is the Official Exhibit Packet proof of the 21st Judicial Circuit Rule 12 court-registry, bond, traffic-bond, written-order, Circuit Clerk, accounting, interest-bearing account, Treasury bill, secured-depository, and interest-cost framework. Ex. L.

118. Layer One establishes that the charged NAME and case number operate inside bond, surety, registry, security, accounting, refund, investment, transfer, cost, fine, and disbursement architecture. Ex. L; Authority Packet § 5.

119. Layer Two consists of official financial reports from Florissant, St. Louis County, and Maryland Heights showing accounting and public-finance categories, including receivables, fines, fees, bonds,

escrow deposits, custodial / agency funds, deposits held for others, securities, public deposits, special obligations, and accrual / modified-accrual treatment. Ex. M; Ex. N; Authority Packet §§ 11, 12.

120. Layer Three consists of Fidelity value-bearing identifier returns and the bridge-record demand. Ex. O; Ex. P; Authority Packet § 21.

121. Fidelity returns are value-bearing identifier-return evidence. Authority Packet § 22.

122. Fidelity returns are not pleaded as standalone proof of case-level ownership. Authority Packet § 22.

123. The required bridge records include identifier mapping, bond records, registry records, issuer records, underwriting records, trustee records, custodian records, accounting records, proceeds records, disposition records, and certifications of completeness or nonexistence. Authority Packet § 24.

124. Defendants produced no complete Layer One rule-book records, Layer Two accounting / public-finance records, or Layer Three bridge records.

## XI. RULE-BOOK NAME AND CASE-NUMBER BOND / SURETY / REGISTRY / SECURITY / ACCOUNTING ARCHITECTURE

125. Exhibit L is the Official Exhibit Packet proof of the 21st Judicial Circuit Rule 12 court-registry, bond, traffic-bond, written-order, Circuit Clerk, accounting, interest-bearing account, Treasury bill, secured-depository, and interest-cost framework. Ex. L; Authority Packet § 5.

126. Local Rule 12 places property delivered to the Court in a pending case under Circuit Clerk safekeeping and places money paid into court into the court registry. Ex. L; Authority Packet § 5.

127. Local Rule 12 requires proper accounting records for court-held property and registry money. Ex. L; Authority Packet § 5.

128. Local Rule 12 prohibits release of court-held property or withdrawal of registry money except by written judicial order. Ex. L; Authority Packet § 5.

129. Local Rule 12.2 places cash or cash-equivalent security deposited for appearance, release, or otherwise in criminal, infraction, and traffic cases under Circuit Clerk payment and refund procedures. Ex. L; Authority Packet § 5.

130. Local Rule 12.2 requires surety notice to identify the defendant's name and case number for each case on which the surety is serving. Ex. L; Authority Packet § 5.

131. Local Rules 12.3, 12.4, and 12.5 extend Rule 12.2 to infraction bonds, traffic bonds, and appearance bonds. Ex. L; Authority Packet § 5.

132. Local Rule 12.6 places qualifying funds into a separate interest-bearing account, United States Treasury Bills, secured depositories, Section 483.312 security, Section 483.310 investment, interest-earned, administrative-cost, written-notice, and written-order disposition architecture. Ex. L; Authority Packet § 5.

133. The rule-book structure places the acquired NAME and assigned case number inside security, surety, bond, registry, accounting, refund, investment, transfer, cost, fine, and disbursement systems. Ex. L; Authority Packet § 5.

134. Where Defendants charge, docket, convict, collect, transmit, suspend, enforce, or account against a NAME and case number, the source records identify the authority, obligation, bond status, surety status, registry status, security property, accounting ledger, refund / disbursement order, investment account, secured depository, cost bill, and custodian certification. Ex. L; Authority Packet § 5.

135. Where no bond, security, registry, surety, investment, cost-bill, or disbursement record exists for the NAME and case number, the proper custodian certifies nonexistence.

136. Plaintiff requests production of bond paperwork, surety records, registry ledgers, security records, accounting records, cost bills, refund orders, investment records, disbursement records, NAME / case-number mapping records, software audit logs, depositary records, and custodian certifications.

## XII. RULE 37, RULE 69.04, VIOLATIONS BUREAU, PLEA, WAIVER, BOND-TRANSFER, FINE, COST, REGISTRY, AND DISBURSEMENT ARCHITECTURE

137. Missouri municipal ordinance and minor traffic matters operate under Rule 37 procedures, including violations-bureau processing, fine schedules, payment procedures, plea / waiver consequences, and Trial De Novo procedure. Authority Packet §§ 6, 10.

138. A docket entry stating "Guilty Plea" does not replace a signed plea, written waiver, plea colloquy, recording, transcript, plea agreement, violations-bureau record, payment authorization, or authenticated source record. Authority Packet §§ 1, 6, 10, 21.

139. Rule 69.04 states that filing an application for Trial De Novo or review suspends execution of the municipal division judgment. Authority Packet § 10.

140. Rule 69.04 requires the municipal division clerk to transmit to the Clerk of the Circuit Court, within fifteen calendar days, a certified copy of all papers filed in the case. Authority Packet § 10.

141. Rule 69.04 requires the transferred record to include any bond paperwork, any cash or other property given as security upon any such bond, fingerprint cards, and the filing memorandum provided by the Clerk of the Circuit Court. Authority Packet § 10.

142. Rule 69.04 requires the municipal division clerk to correct missing or omitted documents, including fingerprint cards where required by law. Authority Packet § 10.

143. Rule 69.04 places Trial De Novo matters inside a certified-file, bond-paperwork, cash, security-property, correction, cost-bill, registry, collection, municipal-division disbursement, and statutory-recipient disbursement chain. Authority Packet § 10.

144. Rule 69.04 also provides that the Circuit Court can assess costs and fines, that a cost bill is made available, that final disposition is sent back to the municipal division, and that costs and fines collected are paid into the registry of the Circuit Court before disbursement to the municipal division and statutory recipients. Authority Packet § 10.

145. The Trial De Novo source record therefore includes the municipal file, certified transfer index, all papers filed, charging documents, plea / waiver records, bond paperwork, cash-security records, property-security records, fingerprint cards, filing memorandum, omitted-document corrections, cost bill, registry record, collection record, disbursement record, and final disposition record.

146. Plaintiff requests comparison of the municipal division file, the certified transmitted file, the Circuit Court received file, the Trial De Novo docket, and the registry / bond / security / cost / disbursement records.

147. Any missing, omitted, altered, unindexed, uncertified, or unproduced bond paperwork, cash-security record, property-security record, plea / waiver record, payment record, cost bill, registry record, or disbursement record is a source-record issue requiring production, correction, preservation, and custodian certification.

148. Plaintiff requests production and correction of all Rule 37, violations-bureau, plea, waiver, fine, cost, Trial De Novo, bond-transfer, security-property, registry, and disbursement records.

## XIII. REGISTRY FUNDS, CLERK-AS-TRUSTEE, STYLE AND CAUSE NUMBER

149. RSMo § 483.310 establishes registry-fund investment structure, Clerk-as-Trustee account naming, style and cause number, investment, income, and principal as record facts and procedural context. Authority Packet § 7.

150. Missouri law connects court-registry funds, Clerk-as-Trustee capacity, style-and-cause-number account naming, investment, income, principal, and accounting. Authority Packet § 7.

151. Plaintiff requests all registry account titles, court orders, depository agreements, interest statements, principal records, disbursement records, trustee account records, style/cause-number account records, and custodian certifications for the identified matters.

## XIV. REGISTRY DEPOSITS, PUBLIC DEPOSITS, AND SECURITIES COLLATERAL

152. RSMo § 483.312 requires qualifying circuit-court registry deposits to be secured for amounts not protected by federal deposit insurance as record facts and procedural context. Authority Packet § 8.

153. RSMo supports production of depository agreements, safekeeping records, securities schedules, trustee records, collateral records, valuation records, substitution records, release records, and disposition records. Authority Packet §§ 8, 9.

154. Securities-collateral records are a source-record category tied to registry/public-deposit architecture. Authority Packet §§ 8, 9.

155. Plaintiff requests production and certification of secured-depository, securities-collateral, trustee, safekeeping, valuation, release, and disposition records.

## XV. MUNICIPAL CASE MONEY, FINES, COSTS, TREASURY DEPOSITS, AND REVENUE

156. Missouri municipal case proceedings generate fines, costs, bond forfeitures, treasury deposits, revenue records, receivables, and payment obligations. Authority Packet § 11.

157. Florissant official report materials identify official financial-report and court-revenue records, including municipal-court receivables / deferred revenue and accrual / modified-accrual reporting. Ex. M-3 through M-7, Official Exhibit Record pp. 122-126.

158. St. Louis County official report materials identify custodial / Circuit Clerk and court-fines records. Ex. M-8 through M-10, Official Exhibit Record pp. 127-130.

159. Maryland Heights official report materials identify accrual / modified-accrual, fines / fees, and agency fund / court bonds / escrow deposits records. Ex. M-11 through M-15, Official Exhibit Record pp. 130-134.

160. Municipal case money-flow records are material to financial-interest due process, source-record production, accounting, correction, and relief.

161. Plaintiff requests authenticated case-level debit/credit ledgers, receivables, fines, costs, bond forfeitures, payments, adjustments, reversals, deferrals, recognition entries, write-offs, remittances, deposits, and disbursement records as per RSMo § 400.9-210.

## XVI. COURT COSTS, SURCHARGES, CLERK COLLECTION, FUNDS, AND DOR ENFORCEMENT

162. Court costs, clerk collection, surcharges, funds, and DOR enforcement are part of the statutory money and enforcement chain as record facts and procedural context. Authority Packet § 12.

163. DOR consequences are downstream consequences of municipal charge disposition, conviction, point assessment, failure to dispose, or failure to pay. Authority Packet § 12.

164. DOR reliance on a municipal record does not authenticate the municipal source record.

165. Plaintiff requests DOR abstracts, DOR transmissions, points records, hold records, suspension records, conviction records, source municipal records, and correction records. Ex. K-2 through K-4, Official Exhibit Record pp. 112-114.

## XVII. FINANCIAL-INTEREST, RECUSAL, DISQUALIFICATION, AND NEUTRAL TRIBUNAL

166. RSMo § 479.020.6 prohibits municipal judge and court personnel compensation from depending on the number of cases tried, guilty verdicts reached, or fines imposed or collected as record facts and procedural context. Authority Packet § 14.

167. RSMo recognizes financial-interest, recusal, disqualification, neutral-tribunal, and due-process issues where adjudication and money flow intersect. Authority Packet §§ 13, 14.

168. Federal law recognizes recusal, financial interest, fiduciary interest, and disqualification principles. Authority Packet § 15.

169. Fiduciary capacity includes executor, administrator, trustee, and guardian capacity under federal financial-interest law. Authority Packet § 4.

170. Neutral tribunal due process applies when financial interest, revenue pressure, institutional interest, subject-matter interest, or probability of bias affects adjudicative structure. Authority Packet § 16.

171. Municipal case money, court costs, DOR enforcement, fines, fees, receivables, agency funds, custodial funds, registry funds, and public-finance records create a financial-interest record requiring disclosure and review.

172. Defendants produced no complete financial-interest, compensation-basis, revenue, custodian, registry, accounting, or disqualification disclosure record after notice.

173. Plaintiff requests financial-interest disclosures, accounting, custodian identification, preservation, correction, and neutral-tribunal relief.

174. Tumey/Ward Institutional Financial Interest: The municipal and court adjudicative structures maintain a direct institutional financial interest in the outcome of ordinance-enforcement proceedings. Tumey v. Ohio, 273 U.S. 510 (1927); Ward v. Village of Monroeville, 409 U.S. 57 (1972). The adjudicative structure is financially interested because: (a) fines and costs generate municipal revenue; (b) court-revenue records, receivables, and ledgers show case-volume compensation; (c) registry and public-deposit interest-bearing accounts generate income; (d) bond, surety, and securities-collateral records show commercial-paper structures tied to convictions; (e) DOR-transmission and point-assessment records generate downstream revenue; and (f) compensation records for judicial and prosecutorial actors are tied to case volume. This financial interest requires neutral-tribunal review and disqualifies the adjudicative structure from due-process legitimacy. Authority Packet § 16

## XVIII. DECEMBER 2025 RECORDED RECORD CHAIN

175. The Official Exhibit Record contains the December 10, 2025 Recorder Certification for Document No. 2025121000523. Ex. B-2, Official Exhibit Record p. 10.

176. The Official Exhibit Record contains the Notice of Recordation identifying Affidavit of Bonded Estate, Security Agreement, UCC-1 financing statement, and related record references. Ex. B-3, Official Exhibit Record p. 11.

177. The Official Exhibit Record contains the Affidavit of Bonded Estate / UCC Claim Reference and Security Agreement. Ex. B-4 through B-6, Official Exhibit Record pp. 12-14.

178. The Official Exhibit Record contains Notice of Election Recorder Certification and complete Notice of Election pages. Ex. B-7 through B-16, Official Exhibit Record pp. 15-24.

179. The Official Exhibit Record contains additional lien, deed, trust, assignment, UCC, Florissant, and Maryland Heights trust/assignment records. Ex. B-17 through B-44, Official Exhibit Record pp. 25-52.

180. Recordation proves the existence of the recorded claim, document number, filing date/time, instrument type, and notice record.

181. Recordation does not replace adjudication of priority, validity, or enforceability. It establishes notice and the source-record controversy.

182. Defendants continued use, charging, docketing, payment, DOR, accounting, and enforcement conduct after the recorded chain existed.

## XIX. FLORISSANT FALSE "GUILTY PLEA" RECORD AND TRIAL DE NOVO RECORD

183. The Official Exhibit Record contains Florissant Case No. 210241104 docket page. Ex. C-2, Official Exhibit Record p. 54.

184. The Official Exhibit Record contains Florissant Case No. 210241105 docket page. Ex. C-3, Official Exhibit Record p. 55.

185. The Official Exhibit Record contains Florissant Case No. 210241106 docket page. Ex. C-4, Official Exhibit Record p. 56.

186. The Official Exhibit Record contains Florissant Case No. 210241107 docket page. Ex. C-5, Official Exhibit Record p. 57.

187. The Official Exhibit Record contains Florissant Case No. 210234284 docket page. Ex. C-6, Official Exhibit Record p. 58.

188. The Official Exhibit Record contains Trial De Novo case header / transfer proof. Ex. C-7, Official Exhibit Record p. 59.

189. Florissant docket entries state "Guilty Plea" / "Guilty Plea Written," sentencing, payment, and Trial De Novo posture. Ex. C.

190. Plaintiff denies entering a guilty plea.

191. No Defendant produced an authenticated source record proving personal waiver.

192. The Florissant false or unsupported guilty-plea record caused record injury, payment injury, DOR injury, Trial De Novo injury, source-record injury, and correction injury.

## XX. APRIL 29 FLORISSANT COURT-FILED NOTICE AND PRESERVATION RECORD

193. The Official Exhibit Record contains April 29 Florissant court-filed notice and preservation record. Ex. D. pg. 62

194. Ex. D includes stamped first page, source-record / accounting / property issue page, timeline / issue-preservation page, and exhibit / record support page. Ex. D-2 through D-5, Official Exhibit Record pp. 63-66.

195. Plaintiff preserved source-record issues, accounting issues, property/res issues, DOR issues, and record-correction issues.

196. Defendants continued conduct after notice.

197. Continued conduct after filed notice caused source-record, due-process, accounting, property/res, DOR, and correction injury.

## XXI. MAY 1 SUBPOENA, LEDGER, DOR TRANSMISSION, AND CUSTODIAN CERTIFICATION DEMAND

198. The Official Exhibit Record contains May 1 Subpoena, Ledger, and Accrual-Accounting Demand. Ex. E. pp. 67

199. Ex. E includes stamped first page, accounting books / ledgers / receivables subpoena page, DOR transmissions / custodian certification page, accrual-accounting demand page, payment-screen

insufficiency page, and supplemental notice of accounting foundation page. Ex. E-2 through E-6, Official Exhibit Record pp. 68-72.

200. Plaintiff demanded ledgers, receivables, DOR transmissions, custodian certification, accrual-accounting records, and payment-screen sufficiency records.

201. Defendants produced no complete authenticated ledger, receivable, DOR transmission, custodian certification, accrual-accounting, or payment-screen sufficiency record.

202. Nonproduction prevented verification of assessment, collection, revenue recognition, DOR transmission, account treatment, and final disposition.

## XXII. MAY 13 AMENDED RESPONSE, RES, THRESHOLD QUESTIONS, AND SUPERIOR AUTHORITY DEMAND

203. The Official Exhibit Record contains May 13 Amended Response and Demand for Production. Ex. F-2. pp. 74

204. Ex. F includes stamped first page, Paragraph 019 / Res-Property Page, Two Threshold Questions Page, Nonproduction / Superior Authority Page, and Continuation After Nonproduction Page. Ex. F-2 through F-6, Official Exhibit Record pp. 74-78.

205. Plaintiff preserved the property/res issue and demanded superior authority.

206. Plaintiff demanded identification of what was charged, collected against, transmitted, restrained, or enforced upon if the estate/res was not the object.

207. Plaintiff demanded identification of what superior title, authority, source record, accounting record, or public claim defeated the trust/res claim if the estate/res was the object.

208. Defendants continued without producing complete superior authority, accounting, or custodian certification.

## XXIII. BRAMMAN, LASHLY & BAER, CONTINUED PROSECUTION, AND NONPRODUCTION

209. The Official Exhibit Record contains May 27 Bramman / Lashly & Baer Responsibility Record. Ex. G. pp. 79

210. Ex. G contains stamped first page, Bramman / Lashly & Baer responsibility page, no-production / appearance-risk page, Chris Dulle / capacity issue page, certificate of service, and May 27 email proof to Bramman / Lashly & Baer. Ex. G-2 through G-8, Official Exhibit Record pp. 80-86.

211. Andrew R. Bramman and Lashly & Baer received notice of the source-record, authority, accounting, and capacity issues.

212. Bramman and Lashly & Baer did not produce the demanded records.

213. Continued prosecution after notice and nonproduction caused source-record injury, due-process injury, DOR injury, payment injury, property/res injury, and continued-enforcement injury.

## XXIV. MARYLAND HEIGHTS NOTICES, NONRESPONSE, PAYMENT RECORD, AND ACTOR RECORD

214. The Official Exhibit Record contains May 8 Maryland Heights Notice with Mailing Proof. Ex. H. pp. 87- 95.

215. Ex. H includes notice first page / recipient page, case identification / agency fund page, accounting demand page, accrual / agency fund / court bond page, USPS May 8 receipt, USPS May 11 delivery proof, and May 7 email proof to City of Maryland Heights. Ex. H-2 through H-9, Official Exhibit Record pp. 88-95

216. The Official Exhibit Record contains May 27 Maryland Heights Notice of Fault with Mailing Proof. Ex. I. pp. 96 - 105

217. Ex. I includes notice first page / recipient page, nonresponse / no authenticated accounting page, docket / payment screen not accounting page, no-consent / trust-property page, green card / delivery proof, USPS May 28 delivery proof, and May 27 email proof to City of Maryland Heights. Ex. I-2 through I-10, Official Exhibit Record pp. 97-105.

218. Maryland Heights received notice and did not produce authenticated accounting.

219. The Official Exhibit Record contains Maryland Heights "Tried by Court - Guilty" / sentencing / costs page, earlier not-guilty plea page, payment agreement / agreement to pay, and actor identification / filing actor page. Ex. C-8, C-9,J-2, J-5 Official Exhibit Record pp. 60-61 & 107-110.

220. Maryland Heights records caused guilty-finding injury, payment injury, accounting injury, record injury, and DOR/license injury.

## XXV. DOR CERTIFIED RECORD AND DOWNSTREAM LICENSE / POINT INJURY

221. The Official Exhibit Record contains DOR Petition First Page. Ex. K-2, Official Exhibit Record p. 112.

222. The Official Exhibit Record contains DOR Response / Conviction-Points Page. Ex. K-3, Official Exhibit Record p. 113.

223. The Official Exhibit Record contains DOR Convictions / Points / Injury Page. Ex. K-4, Official Exhibit Record p. 114.

224. DOR records rely on municipal convictions/points and create license/record injury.

225. DOR reliance does not authenticate the underlying municipal source record.

226. Plaintiff requests DOR transmission records, DOR abstracts, points records, holds, suspension records, source municipal records, correction records, and removal of unsupported DOR consequences through the Defendants and custodians responsible for creating, transmitting, maintaining, relying upon, refusing to correct, or failing to withdraw the municipal and court records that caused the DOR consequences.

## XXVI. NO NATURAL-PERSON VICTIM, NO VERIFIED INJURED PARTY, AND NO SOURCE INJURY RECORD PRODUCED

227. Defendants produced no source record identifying a natural-person victim.

228. Defendants produced no source record identifying a verified injured party.

229. Defendants produced no source record identifying a violated private right.

230. Defendants produced no source record identifying an injured public right.

231. Defendants produced no source record identifying a verified complainant.

232. Defendants produced no source record identifying harm, injury, damage, trespass, superior title, lawful public claim, or accounting record.

233. Plaintiff pleads this issue as source-record nonproduction and due-process injury.

234. Plaintiff does not plead that every municipal ordinance enforcement action requires a private natural-person victim.

235. Plaintiff pleads that after notice, Defendants continued enforcement without producing the source record identifying the injured party, injured public right, complainant, harm, superior claim, lawful public claim, and accounting basis.

## XXVII. GENERAL GOVERNMENTAL AUTHORITY DOES NOT REPLACE SOURCE RECORDS

236. General governmental authority does not identify the exact source law, exact source record, waiver record, accounting record, bond/registry/security record, DOR transmission record, superior authority, or custodian certification required for the challenged acts.

237. Defendants continued through municipal, court, prosecutor, clerk, records, software, finance, and public-finance machinery without producing the complete demanded source-record chain.

238. Plaintiff requests declaratory, corrective, accounting, preservation, production, DOR-related, and prospective relief.

## XXVIII. KELLY LYNN SNYDER, THRESHOLD PROCESS, AND RECORD REFUSAL

239. Trial De Novo records identify Kelly Lynn Snyder as assigned judicial actor. Ex. C-7, Official Exhibit Record p. 59.

240. Plaintiff preserved threshold source-record, authority, accounting, res/property, and DOR issues. Ex. D; Ex. E; Ex. F.

241. The threshold issues were not resolved through production of authenticated source records (RSMo 400.9-210), accounting records, superior authority, or custodian certification.

242. Plaintiff seeks process, correction, preservation, production, and prospective relief tied to capacity, record control, and available remedy categories.

## XXIX. ST. LOUIS COUNTY, CIRCUIT CLERK, REGISTRY, BOND, AND RECORD CUSTODIANS

243. St. Louis County and Circuit Clerk / registry / bond / records custodians are connected to Trial De Novo transfer, certified-file custody, registry, bond, accounting, security, public deposits, securities collateral, and record control. Ex. C; Ex. K; Ex. L; Ex. M; Ex. N.

244. Official-capacity custodian relief is directed to production, preservation, correction, accounting, and certification for records under custody or control. Authority Packet § 21.

245. Plaintiff requests identification of the custodian for each missing record category.

## XXX. FIDELITY VALUE-BEARING IDENTIFIER RETURNS AND BRIDGE-RECORD DEMAND

246. The Official Exhibit Record identifies Exhibit O as the verified court-case / birth-record / Fidelity-return matrix. Ex. O-2 through O-5, Official Exhibit Record pp. 150-153.

247. The Official Exhibit Record identifies Exhibit P as selected Fidelity return first pages. Ex. P-2 through P-11, Official Exhibit Record pp. 155-164.

248. The Official Exhibit Record identifies Exhibit N as securities/public-finance pattern by entity: Florissant, St. Louis County, and Maryland Heights. Ex. N-3 through N-14, Official Exhibit Record pp. 138-149.

249. Fidelity returns show returned fund/security pages, symbols, CUSIPs, source filenames, NAV, returns, portfolio net assets, share-class net assets, holdings, or market-data fields where displayed. Authority Packet § 22.

250. Fidelity returns establish value-bearing identifier-return evidence. Authority Packet § 22.

251. Fidelity returns are not a substitute for governmental bridge records. Authority Packet § 22.

252. Plaintiff requests identifier mapping, bond records, registry records, issuer records, underwriting records, trustee records, custodian records, accounting records, proceeds records, disposition records, and certifications of completeness or nonexistence. Authority Packet § 21.

## XXXI. CONSOLIDATED SOURCE-RECORD DEMAND

253. Plaintiff demands complete municipal files.

254. Plaintiff demands complete Trial De Novo files.

255. Plaintiff demands original charging instruments, amended charging instruments, judgments, orders, minutes, audio, transcripts, plea records, waiver records, and violations-bureau records.

256. Plaintiff demands DOR abstracts, DOR transmission records, conviction records, points records, license records, hold records, suspension records, and DOR correction records.

257. Plaintiff demands bond registers, surety registers, security records, cash-security records, court-registry ledgers, refund records, forfeiture records, cost bills, disbursement records, and written orders authorizing release or withdrawal.

258. Plaintiff demands receivables, ledgers, revenue-recognition entries, deferred-revenue entries, modified-accrual reconciliation entries, accrual entries, payment records, adjustments, reversals, write-offs, remittance records, and deposit records.

259. Plaintiff demands agency fund, custodial fund, escrow, court bond, public-deposit, securities-collateral, trustee, safekeeping, issuer, underwriting, proceeds, and disposition records.

260. Plaintiff demands software audit logs, docket-entry source logs, user/actor identification, correction logs, transmission logs, and data-retention records.

261. Plaintiff demands Fidelity bridge records and custodian certifications of completeness or nonexistence.

## XXXII. COUNT I - FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS / SOURCE-RECORD DEPRIVATION

262. Controlling Authority: Fifth Amendment; Fourteenth Amendment; Civil Rights Act of 1871, ch. 22, 17 Stat. 13; Mathews v. Eldridge, 424 U.S. 319 (1976); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). Authority Packet § 1, 34, 40

262-A. The Civil Rights Act of 1871, ch. 22, 17 Stat. 13, supplies the congressional civil-rights remedy against persons who, under color of state law, deprive a person of rights secured by the Constitution. Mathews v. Eldridge, 424 U.S. 319 (1976), requires due process to be measured by the private interest affected, the risk of erroneous deprivation, the value of additional safeguards, and the governmental interest asserted. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), requires notice and opportunity to be heard that are appropriate to the nature of the case and reasonably calculated to protect the affected party. Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), confirms that where a protected liberty or property interest exists, the government provides notice, the factual basis for the proposed action, and a meaningful opportunity to respond before deprivation. Authority Packet § 1, 34, 40

263. Record Facts: Ex. C identifies Florissant guilty-plea / Trial De Novo records; Ex. D, E, F, G, H, and I identify notices and source-record demands; Ex. J identifies Maryland Heights guilty-finding / payment / actor records; Ex. K identifies DOR injury; Ex. L, M, N, O, and P identify accounting, public-finance, and bridge-record categories.

264. Element 1 - Protected Interest: Plaintiff has protected liberty, property, record, DOR/license, personal-rights, source-record, accounting, and correction interests. Ex. A; Ex. B; Ex. C; Ex. J; Ex. K.

265. Element 2 - Defendant Conduct: Defendants deprived Plaintiff of protected interests through false or unsupported records, municipal enforcement, payment consequences, DOR consequences, source-record refusal, accounting refusal, financial-interest nondisclosure, and correction refusal. Ex. C; Ex. D; Ex. E; Ex. F; Ex. G; Ex. H; Ex. I; Ex. J; Ex. K; Ex. C-8; Ex. C-9.

266. Element 3 - Notice: Plaintiff gave notice and demanded source law, source records, plea / waiver records, bond / registry / security records, DOR transmission records, accounting records, bridge records, superior authority, and custodian certifications. Ex. D; Ex. E; Ex. F; Ex. G; Ex. H; Ex. I.

267. Element 4 - Knowledge / Intent: Defendants had knowledge after notice and elected continuation, maintenance, transmission, reliance, and nonproduction instead of production, correction, withdrawal, recall, accounting, or custodian certification. Ex. D; Ex. E; Ex. F; Ex. G; Ex. H; Ex. I.

268. Element 5 - Final-Decisionmaker: Final-decisionmaker conduct is pleaded against the municipal entities and the officials, prosecutors, administrators, finance actors, software actors, and custodians with authority over prosecution, docket records, certified files, corrections, transmissions, accounting, or enforcement records. Ex. C; Ex. G; Ex. J; Ex. L; Ex. M.

269. Element 6 - Causation: The challenged records and nonproduction caused Trial De Novo injury, payment injury, DOR/license injury, record-integrity injury, property/res injury, accounting injury, and continued-enforcement injury. Ex. C; Ex. J; Ex. K.

270. Element 7 - Redressability: Correction, recall, withdrawal, production, accounting, preservation, and custodian certification redress the record injury and prevent continued use of unsupported records. Ex. D; Ex. E; Ex. F; Ex. H; Ex. I.

271. Five-Step Presumption Destruction - Step 1 - Presumption Stated: Defendants will presume the docket entries, payment records, and DOR consequences establish lawful process without producing source records.

272. Five-Step Presumption Destruction - Step 2 - Controlling Authority: The Civil Rights Act of 1871, ch. 22, 17 Stat. 13, supplies the civil-rights enforcement source against color-of-law deprivation. Authority Packet § 34

273. Five-Step Presumption Destruction - Step 3 - Congressional Record / Enactment: Public Resolution No. 67, ch. 183, 54 Stat. 178, places citizenship in the self-government and civic-responsibility context; Plaintiff's source-record demands are civic accountability. Authority Packet § 2

274. Five-Step Presumption Destruction - Step 4 - Two SCOTUS Holdings: Mathews requires process measured against the private interest, risk of error, value of additional process, and government interest; Mullane requires notice and an opportunity appropriate to the nature of the case.

274A. Supreme Court Holdings: Mathews controls the process analysis because Plaintiff's private interests include liberty, property, record integrity, DOR/license consequences, estate/res interests, accounting rights, and correction rights; the risk of erroneous deprivation is created by unsupported docket labels, missing plea/waiver records, missing accounting records, missing DOR-transmission records, missing bond/registry/security records, and missing custodian certifications; additional process consists of source-record production, accounting, correction, withdrawal, recall, preservation, and custodian certification. Mullane controls notice because municipal, county, prosecutor, clerk, DOR-transmission, and public-finance machinery cannot impose conviction, payment, license, accounting, or enforcement consequences without notice and opportunity suited to the exact record, property, source-law, and financial-interest issues presented. Authority Packet § 40

275. Five-Step Presumption Destruction - Step 5 - Counter-Rebuttal Barrier: No docket label, payment screen, DOR entry, institutional assertion, or custom defeats a source-record demand where Plaintiff pleads notice, nonproduction, concrete injury, and corrective relief.

276. Plaintiff requests declaratory relief, correction, production, accounting, preservation, DOR correction through the responsible municipal / court / county records, prospective relief, damages authorized by law, costs authorized by law, and jury trial.

## XXXIII. COUNT II - NEUTRAL TRIBUNAL / FINANCIAL-INTEREST DUE PROCESS

277. Controlling Authority: Fifth Amendment; Fourteenth Amendment; Tumey v. Ohio, 273 U.S. 510 (1927); Ward v. Village of Monroeville, 409 U.S. 57 (1972); Aetna Life Insurance Co. v. Lavoie, 475 U.S. 813 (1986); Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009). Authority Packet § 16

> 277-A. Tumey v. Ohio, 273 U.S. 510 (1927), establishes that due process is violated where the adjudicator has a direct financial interest in conviction or enforcement. Ward v. Village of Monroeville, 409 U.S. 57 (1972), establishes that due process is also violated where the adjudicative structure creates an institutional financial interest through municipal revenue, fines, costs, forfeitures, and court-generated funds. Aetna Life Insurance Co. v. Lavoie, 475 U.S. 813 (1986), confirms that a decisionmaker with a direct, personal, substantial pecuniary interest in the outcome cannot sit in judgment. Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), confirms that due process is violated where the probability of bias is constitutionally intolerable even without proof of actual bias.  Authority Packet § 16

> 277-B. The financial-interest record in this case includes fines, costs, payment agreements, receivables, court-revenue records, municipal-court revenues, agency funds, court bonds, escrow deposits, deposits held for others, registry records, public deposits, securities collateral, DOR consequences, and compensation-basis records. Defendants' refusal to produce complete financial-interest, accounting, registry, bond, security, compensation, and custodian records after notice preserves the neutral-tribunal due-process injury.

278. Record Facts: RSMo § 479.020.6, Ex. C, Ex. J, Ex. K, Ex. L, Ex. M, and Ex. N establish the financial-interest record context: municipal guilty entries, fines, costs, payment consequences, DOR consequences, receivables, registry architecture, agency/custodial/escrow records, and public-finance records.

279. Element 1 - Neutral Tribunal Right: Due process requires a neutral tribunal. Authority Packet § 16.

280. Element 2 - Financial Architecture: The record shows municipal case money, fines, costs, bonds, registry, treasury deposits, DOR enforcement, receivables, financial reports, and public-finance records. Ex. C; Ex. J; Ex. K; Ex. L; Ex. M; Ex. N.

281. Element 3 - Notice: Plaintiff demanded accounting, financial-interest disclosure, and custodian certification. Ex. E; Ex. F; Ex. H; Ex. I.

282. Element 4 - Nonproduction: Defendants produced no complete financial-interest disclosure, compensation-basis record, court-revenue record, case-level accounting, neutral-tribunal certification, or custodian certification after notice. Ex. E; Ex. F; Ex. H; Ex. I.

283. Element 5 - Knowledge / Intent: Defendants had knowledge after notice that Plaintiff challenged financial-interest, accounting, and neutral-tribunal issues, and continued prosecution, record maintenance, and enforcement without producing the requested disclosures and accounting. Ex. D; Ex. E; Ex. F; Ex. G; Ex. H; Ex. I.

284. Element 6 - Final-Decisionmaker: Final-decisionmaker conduct is pleaded against the municipal entities, prosecuting actors, court administrators, finance officials, and custodians responsible for revenue, accounting, prosecution, record correction, and enforcement systems. Ex. C; Ex. G; Ex. J; Ex. M.

285. Element 7 - Causation: Financial-interest nondisclosure prevented neutral-tribunal review and allowed continued proceedings, payment consequences, DOR consequences, and record maintenance without verified financial-interest disclosure. Ex. C; Ex. J; Ex. K; Ex. M.

286. Element 8 - Redressability: Disclosure, accounting, correction, preservation, and prospective relief identify the financial-interest record and stop continued undisclosed enforcement. Ex. E; Ex. H; Ex. I.

287. Five-Step Presumption Destruction - Step 1 - Presumption Stated: Defendants will presume municipal adjudication is neutral without disclosing revenue, compensation, court-cost, collection, registry, and accounting records.

288. Five-Step Presumption Destruction - Step 2 - Controlling Authority: The Fifth and Fourteenth Amendments secure due process; the Civil Rights Act of 1871, ch. 22, 17 Stat. 13, supplies the color-of-law enforcement source.  Authority Packet § 1 & 17

289. Five-Step Presumption Destruction - Step 3 - Congressional Record / Enactment: Public Resolution No. 67, ch. 183, 54 Stat. 178, confirms civic accountability within self-government; source-record demands for financial-interest disclosure are civic accountability. Authority Packet § 2

290. Five-Step Presumption Destruction - Step 4 - Two SCOTUS Holdings: Tumey holds that due process is violated where a judge has a direct, personal, substantial pecuniary interest; Ward holds that institutional revenue pressures in a mayor's court violate due process.

291. Five-Step Presumption Destruction - Step 5 - Counter-Rebuttal Barrier: No general assertion of municipal regularity defeats a financial-interest claim supported by fines, costs, payment records, DOR consequences, receivables, financial reports, and nonproduction after notice.

292. Plaintiff requests disclosure, accounting, production, correction, preservation, declaratory relief, prospective relief, and damages authorized by law.

## XXXIV. COUNT III - FALSE GOVERNMENT RECORD / RECORD-INTEGRITY DUE PROCESS / CORRECTION

293. Controlling Authority: Fifth Amendment; Fourteenth Amendment; Wisconsin v. Constantineau, 400 U.S. 433 (1971); Goss v. Lopez, 419 U.S. 565 (1975); Mathews v. Eldridge, 424 U.S. 319 (1976); Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985).  Authority Packet § 1& 40

294. Record Facts: Florissant records state "Guilty Plea" / "Guilty Plea Written." Ex. C-2 through C-7, Official Exhibit Record pp. 54-59. Maryland Heights records state "Tried by Court - Guilty," earlier not-guilty plea, payment agreement, and actor record. Ex. C-8, C-9, J-2, J-5 Official Exhibit Record pp. 60-61, 107-110. DOR records show downstream convictions / points and license / record injury. Ex. K-2 through K-4, Official Exhibit Record pp. 112-114.

295. Element 1 - False or Unsupported Record: Florissant records state "Guilty Plea" / "Guilty Plea Written." Ex. C-2 through C-7, Official Exhibit Record pp. 54-59.

296. Element 2 - Downstream Consequence: Maryland Heights and DOR records show guilty-finding, payment, convictions / points, and license / record injury. Ex. C-8, C-9, J-2, J-5 Official Exhibit Record pp. 60-61, 107-110. DOR records show downstream convictions / points and license / record injury. Ex. K-2 through K-4, Official Exhibit Record pp. 112-114.

297. Element 3 - Non-Waiver: Plaintiff denies entering a guilty plea and denies executing a personal waiver.

298. Element 4 - Missing Source Record: No Defendant produced a signed plea, written waiver, plea colloquy, recording, transcript, authenticated plea agreement, violations-bureau record, or authenticated source record proving knowing, voluntary, personal waiver.

299. Element 5 - Knowledge / Intent: Defendants had knowledge after notice that Plaintiff disputed the guilty-plea / waiver record and demanded correction, but maintained, transmitted, relied upon, or refused correction of false or unsupported records. Ex. D; Ex. E; Ex. F; Ex. G; Ex. H; Ex. I.

300. Element 6 - Final-Decisionmaker: Final-decisionmaker conduct is pleaded against the municipal entities, docket custodians, prosecuting actors, court administrators, software custodians, and records custodians with authority over entry, correction, transmission, reliance, and withdrawal. Ex. C; Ex. G; Ex. J.

301. Element 7 - Causation: The false or unsupported records caused payment consequences, DOR consequences, Trial De Novo consequences, license / point injury, record-integrity injury, and continued enforcement. Ex. C; Ex. J; Ex. K.

302. Element 8 - Redressability: Correction of the guilty-plea, guilty-finding, conviction, payment, DOR, point, hold, and enforcement records removes the continuing record injury.

303. Five-Step Presumption Destruction - Step 1 - Presumption Stated: Defendants will presume the docket entry proves a knowing and voluntary guilty plea.

304. Five-Step Presumption Destruction - Step 2 - Controlling Authority: The Fifth and Fourteenth Amendments secure due process before deprivation of liberty, property, and protected record interests; the Civil Rights Act of 1871, ch. 22, 17 Stat. 13, supplies the color-of-law remedy source. Authority Packet § 17 & 34

305. Five-Step Presumption Destruction - Step 3 - Congressional Record / Enactment: Public Resolution No. 67, ch. 183, 54 Stat. 178, places citizenship in the responsibility and self-government context; Plaintiff's correction demand is record accountability within that civic context. Authority Packet § 2 & 17

306. Five-Step Presumption Destruction - Step 4 - Two SCOTUS Holdings: Constantineau holds that government action imposing stigma plus legal consequence requires due process; Goss holds that a state-created record-based deprivation requires notice and hearing before adverse action. Authority Packet § 40

307. Five-Step Presumption Destruction - Step 5 - Counter-Rebuttal Barrier: No docket label authenticates itself as a personal waiver where Plaintiff denies waiver and Defendants produced no signed plea, colloquy, transcript, recording, or authenticated waiver source record.

308. Plaintiff requests correction, production, DOR correction through responsible municipal/court/county records, preservation of audit logs, declaratory relief, and damages authorized by law.

## XXXV. COUNT IV - FOURTH AMENDMENT INTERFERENCE WITH PERSON, PAPERS, RECORDS, AND EFFECTS

309. Controlling Authority: Fourth Amendment; Fourteenth Amendment; Soldal v. Cook County, 506 U.S. 56 (1992); United States v. Jacobsen, 466 U.S. 109 (1984); Carpenter v. United States, 585 U.S. 296 (2018).  Authority Packet § 32

309-A. Soldal v. Cook County, 506 U.S. 56 (1992), establishes that the Fourth Amendment protects property from unreasonable governmental seizure even where the seizure occurs through civil or administrative process and even where no physical search occurs. United States v. Jacobsen, 466 U.S. 109 (1984), defines seizure as meaningful interference with possessory interests in property. Carpenter v. United States, 585 U.S. 296 (2018), confirms that constitutional protection extends to sensitive records and information even when modern record systems or third-party record structures are used.  Authority Packet § 32

309-B. Defendants interfered with Plaintiff's persons, papers, records, effects, estate/res records, DOR/license records, identity records, accounting records, and trust-property records through docket entries, conviction records, payment records, DOR transmissions, source-record refusal, accounting refusal, correction refusal, and continued enforcement. Soldal and Jacobsen apply because the challenged conduct produced meaningful interference with property, records, and possessory interests. Carpenter applies because governmental use of record systems cannot defeat constitutional protection for sensitive records and record-based consequences.

310. Record Facts: Ex. A identifies identity and government-record foundation; Ex. B identifies recorded estate/res/trust-property records; Ex. C and J identify court records; Ex. K identifies DOR/license records; Ex. D through I identify notices and source-record demands.

311. Element 1 - Protected Interest: Plaintiff's person, papers, records, effects, identity records, estate/res records, trust-property records, DOR/license records, and court records are protected interests. Ex. A; Ex. B; Ex. C; Ex. J; Ex. K.

312. Element 2 - Governmental Interference: Defendants interfered with those interests through disputed court records, municipal records, payment demands, DOR consequences, license/point/hold records, accounting refusal, correction refusal, source-record refusal, and continued enforcement. Ex. C; Ex. J; Ex. K; Ex. D through I.

313. Element 3 - Notice: Defendants had knowledge after notice that Plaintiff challenged the records and demanded source law, source records, accounting, correction, DOR withdrawal/recall, and custodian certification. Ex. D; Ex. E; Ex. F; Ex. G; Ex. H; Ex. I.

314. Element 4 - Final-Decisionmaker: Final-decisionmaker conduct is pleaded against the entities and custodians with authority over the challenged records, transmissions, corrections, payment demands, holds, suspensions, and enforcement records. Ex. C; Ex. J; Ex. K; Ex. L; Ex. M.

315. Element 5 - Causation: The record entries, transmissions, continued use, and nonproduction caused interference with papers, effects, license status, identity records, property/res records, and court records. Ex. A; Ex. B; Ex. C; Ex. J; Ex. K.

316. Element 6 - Redressability: Production, correction, recall, preservation, and prospective restraint stop continued interference and restore the record foundation.

317. Five-Step Presumption Destruction - Step 1 - Presumption Stated: Defendants will presume municipal and DOR record use is ordinary administrative activity that creates no Fourth Amendment issue.

318. Five-Step Presumption Destruction - Step 2 - Controlling Authority: The Fourth Amendment secures persons, papers, and effects; the Civil Rights Act of 1871, ch. 22, 17 Stat. 13, supplies the color-of-law remedy source.  Authority Packet § 17

319. Five-Step Presumption Destruction - Step 3 - Congressional Record / Enactment: Public Resolution No. 67, ch. 183, 54 Stat. 178, places Plaintiff's source-record demands within civic self-government and accountability.  Authority Packet § 2

320. Five-Step Presumption Destruction - Step 4 - Two SCOTUS Holdings: Soldal holds that property seizures fall within the Fourth Amendment even apart from privacy invasion; Jacobsen holds that meaningful interference with possessory interests is a seizure of property.  Authority Packet § 32

321. Five-Step Presumption Destruction - Step 5 - Counter-Rebuttal Barrier: No generalized record-use label defeats a Fourth Amendment interference claim where Defendants used records to impose payment, DOR, license, hold, enforcement, or property/res consequences without producing source authority.

322. Plaintiff requests declaratory relief, correction, production, preservation, prospective relief, and damages authorized by law.

## XXXVI. COUNT V - FIFTH / FOURTEENTH AMENDMENT PRIVATE PROPERTY, ESTATE / RES, ACCOUNTING, AND JUST COMPENSATION

323. Controlling Authority: Fifth Amendment; Fourteenth Amendment; Board of Regents v. Roth, 410 U.S. 819 (1973); Perry v. Sindermann, 408 U.S. 593 (1972); Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155 (1980); Phillips v. Washington Legal Foundation, 524 U.S. 156 (1998). Authority Packet § 33

> 323-A. Roth confirms that property interests do not come from the Constitution alone; they arise from independent sources, rules, laws, records, claims, understandings, and recognized entitlements. Perry confirms that protected interests can arise from mutually explicit understandings and established record relationships, not only from formal title language. Webb's confirms that funds deposited into court custody do not become government property merely because the clerk or court holds them, and that interest generated from such funds belongs to the owner of the principal. Phillips confirms that interest generated on private funds remains private property where the principal belongs to the private owner.  Authority Packet § 33

Page **30** of **40**

323-B. These holdings apply to Plaintiff's estate/res, recorded security chain, Notice of Election, trust-property claim, registry/accounting demand, court-bond / escrow / agency-fund records, deposits held for others, public-deposit / securities-collateral records, and Fidelity bridge-record demand. Government custody, docketing, payment processing, registry handling, public-finance handling, DOR transmission, or municipal accounting treatment does not convert private property, private records, private proceeds, or interest-bearing value into government property without source law, source record, accounting, due process, and just compensation.

324. Record Facts: Ex. B-2 through B-44 identify recorded estate/res/trust-property instruments, security framework, UCC/security reference, Notice of Election, assignments, trust documents, and related property-record materials. Ex. L, M, N, O, and P identify bond, registry, accounting, public-finance, Fidelity return, and bridge-record categories.

325. Element 1 - Property Source: Plaintiff recorded and noticed estate/res/trust-property interests before and during the challenged record chain. Ex. B-2 through B-44, Official Exhibit Record pp. 10-52.

326. Element 2 - Governmental Use: Defendants used, charged, docketed, collected against, transmitted, restrained, enforced upon, or accounted against the NAME / record / estate designation after notice. Ex. C; Ex. J; Ex. K; Ex. D through I.

327. Element 3 - Missing Authority: Defendants produced no complete superior authority, source record, accounting record, compensation record, proceeds record, bridge record, or disposition record. Ex. D; Ex. E; Ex. F; Ex. H; Ex. I.

328. Element 4 - Knowledge / Intent: Defendants had knowledge after notice of the estate/res/trust-property claim and continued use, enforcement, accounting nonproduction, and record maintenance. Ex. B; Ex. D; Ex. E; Ex. F; Ex. H; Ex. I.

329. Element 5 - Final-Decisionmaker: Final-decisionmaker conduct is pleaded against entities and custodians with authority over charging, docketing, collection, registry, bond, accounting, transmission, correction, and public-finance records. Ex. C; Ex. J; Ex. L; Ex. M; Ex. N.

330. Element 6 - Causation: Use of the NAME / record / estate designation without source-record production and accounting caused property/res injury, accounting injury, compensation injury, and source-record injury. Ex. B; Ex. C; Ex. J; Ex. K; Ex. L; Ex. M; Ex. N; Ex. O; Ex. P.

331. Element 7 - Redressability: Accounting identifies use, value, charge, collection, recipient, proceeds, benefit, and disposition; correction and compensation follow the accounting where established.

332. Five-Step Presumption Destruction - Step 1 - Presumption Stated: Defendants will presume the NAME, case number, and estate/res/property record are not protected property interests.

333. Five-Step Presumption Destruction - Step 2 - Controlling Authority: The Fifth and Fourteenth Amendments secure property and due process; the Act of July 30, 1947, ch. 388, 61 Stat. 633 supplies the vessel-definition source; the Civil Rights Act of 1871, ch. 22, 17 Stat. 13 supplies the color-of-law remedy source. Authority Packet § 1, 17, 34

334. Five-Step Presumption Destruction - Step 3 - Congressional Record / Enactment: Public Resolution No. 67, ch. 183, 54 Stat. 178, confirms civic responsibility and self-government; Plaintiff's property/accounting demand is record accountability. Authority Packet § 2

335. Five-Step Presumption Destruction - Step 4 - Two SCOTUS Holdings: Roth and Perry hold that property interests are created and defined by independent sources of entitlement; Webb's and Phillips hold that interest/proceeds attached to funds can constitute property protected from governmental appropriation.  Authority Packet § 33

336. Five-Step Presumption Destruction - Step 5 - Counter-Rebuttal Barrier: No Defendant defeats the property/res claim by silence, label, docket entry, or institutional assertion where recorded instruments, notices, accounting demands, and nonproduction establish a live property/source-record controversy.

337. Plaintiff requests accounting, correction, declaratory relief, production, preservation, compensation where established by accounting, restitution where established by accounting, and damages authorized by law.

---

## XXXVII. COUNT VI - SUPPLEMENTAL MISSOURI CLAIMS

338. Controlling Authority for this Count: Missouri law controls the supplemental Missouri claims where federal law does not preempt the state-law element. United Mine Workers v. Gibbs, 383 U.S. 715 (1966), recognizes supplemental jurisdiction over state claims sharing a common nucleus of operative fact; Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988), recognizes federal court authority over related state claims within the supplemental jurisdiction framework.  Authority Packet § 34

339. Record Facts: Ex. B through P supply the record chain for correction, accounting, trust-property interference, unjust enrichment, restitution, conversion, malicious prosecution where final-disposition elements are established, and related Missouri remedies.

340. Element 1 - Common Nucleus: The supplemental Missouri claims arise from the same record chain, notices, municipal proceedings, DOR consequences, accounting issues, property/res records, and nonproduction. Ex. B through P.

341. Element 2 - Completed Elements: The supplemental claims include record correction, equitable accounting, trust-property interference, unjust enrichment, restitution, conversion, and malicious prosecution where the elements are established by the record and final disposition.

342. Element 3 - Accounting-Dependent Remedy: Accounting-dependent remedies are tied to produced records identifying use, value, benefit, retention, recipient, proceeds, disposition, or correction duty. Ex. E; Ex. F; Ex. H; Ex. I; Ex. L; Ex. M; Ex. N; Ex. O; Ex. P.

343. Element 4 - Knowledge / Intent: Defendants had knowledge after notice of the state-law record and accounting disputes and continued maintenance, enforcement, nonproduction, and non-correction. Ex. D; Ex. E; Ex. F; Ex. G; Ex. H; Ex. I.

344. Element 5 - Final-Decisionmaker: Final-decisionmaker conduct is pleaded against actors and custodians with authority over correction, accounting, prosecution, record maintenance, collection, transmission, and disposition. Ex. C; Ex. G; Ex. J; Ex. L; Ex. M.

345. Element 6 - Causation: The same acts causing federal injury caused state-law injury by maintaining, enforcing, collecting, retaining, or refusing correction and accounting after notice. Ex. C through P.

346. Element 7 - Redressability: State-law correction, accounting, restitution, compensation, disgorgement, and damages redress the completed elements.

347. Five-Step Presumption Destruction - Step 1 - Presumption Stated: Defendants will presume state-law remedies are unavailable because the federal claims control the field.

348. Five-Step Presumption Destruction - Step 2 - Controlling Authority: The constitutional claims and the Civil Rights Act of 1871, ch. 22, 17 Stat. 13, do not erase state-law remedies arising from the same record chain. Authority Packet § 34

349. Five-Step Presumption Destruction - Step 3 - Congressional Record / Enactment: Public Resolution No. 67, ch. 183, 54 Stat. 178, supports civic accountability through lawful process, including state-law correction and accounting where elements are complete.  Authority Packet § 2

350. Five-Step Presumption Destruction - Step 4 - Two SCOTUS Holdings: Gibbs holds that federal courts can hear state claims sharing a common nucleus of operative fact; Carnegie-Mellon recognizes the court's discretion and authority over related state claims.  Authority Packet § 34

351. Five-Step Presumption Destruction - Step 5 - Counter-Rebuttal Barrier: No Defendant defeats the supplemental claims by calling them duplicative where each remedy is tied to its own elements, records, causation, injury, and relief.

352. Plaintiff requests supplemental relief consistent with the record, Missouri authority where it controls state-law elements, accounting, causation, injury, and remedy._

## XXXVIII. COUNT VII - MONELL / STATE ACTION / COLOR-OF-LAW LIABILITY

353. Controlling Authority: Fourteenth Amendment; Civil Rights Act of 1871, ch. 22, 17 Stat. 13 (current editorial placement: 42 U.S.C. § 1983 (editorial commentary, not law)); Monell v. Department of Social Services, 436 U.S. 658 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); City of Canton v. Harris, 489 U.S. 378 (1989).  Authority Packet § 1,17, 21, 34

354. Record Facts: Ex. C through P identify official records, dockets, notices, financial reports, DOR consequences, accounting structure, securities/public-finance records, Fidelity returns, bridge-record demands, and noncorrection/nonproduction.

355. Element 1 - Color of Law: The challenged conduct occurred through statute, ordinance, regulation, custom, usage, office, docket authority, prosecutorial authority, court authority, municipal authority, county authority, records systems, software systems, and accounting systems. Ex. C through P.

356. Element 2 - Official Policy / Custom / Final Decision: Municipal liability is pleaded through official acts, policies, customs, final decisions, record maintenance, noncorrection, continued enforcement, financial reports, transmission practices, and custodian control. Ex. C; Ex. G; Ex. J; Ex. L; Ex. M.

>356A.  DOR is not an indispensable party because its interests are adequately represented by the municipal and county defendants who control the record chains that caused the DOR injury, and because joinder is barred by sovereign immunity. Temple v. Synthes Corp., 498 U.S. 5 (1990). Authority Packet § 35

357. Element 3 - No Respondeat Superior: The claim is not pleaded through respondeat superior. The claim is pleaded through official records, notices, final record treatment, noncorrection, continued enforcement, financial reports, and custodian control.

358. Element 4 - Final-Decisionmaker: Final decisionmaker allegations are pleaded against municipal entities and their authorized actors who made, ratified, maintained, refused correction of, transmitted, enforced, or refused production of the challenged records after notice. Ex. C; Ex. G; Ex. J; Ex. L; Ex. M.

359. Element 5 - Knowledge / Intent: Defendants had knowledge after notice and continued the record chain through prosecution, nonproduction, accounting refusal, correction refusal, DOR consequences, and enforcement. Ex. D; Ex. E; Ex. F; Ex. G; Ex. H; Ex. I.

360. Element 6 - Causation: Official records, policies, customs, decisions, and custodial practices caused false-record injury, source-record injury, DOR injury, accounting injury, financial-interest injury, property/res injury, and continued-enforcement injury. Ex. C through P.

361. Element 7 - Redressability: Official-capacity production, correction, accounting, certification, and preservation relief redress the municipal record chain and continuing injuries.

362. Five-Step Presumption Destruction - Step 1 - Presumption Stated: Defendants will presume municipal liability is absent because the acts were individual, isolated, or merely clerical.

363. Five-Step Presumption Destruction - Step 2 - Controlling Authority: The Fourteenth Amendment and Civil Rights Act of 1871, ch. 22, 17 Stat. 13, supply the constitutional and civil-rights source for color-of-law liability. Authority Packet § 1, 17

364. Five-Step Presumption Destruction - Step 3 - Congressional Record / Enactment: Public Resolution No. 67, ch. 183, 54 Stat. 178, frames Plaintiff's demands as civic accountability and source-record responsibility within self-government. Authority Packet § 2

365. Five-Step Presumption Destruction - Step 4 - Two SCOTUS Holdings: Monell holds that municipalities are liable for constitutional injuries caused by official policy or custom; Pembaur holds that a single decision by a final policymaker can establish municipal liability.  Authority Packet § 21

366. Five-Step Presumption Destruction - Step 5 - Counter-Rebuttal Barrier: No Defendant defeats Monell liability where the complaint identifies official records, notices, final record treatment, noncorrection, continued enforcement, financial reports, and custodian control.

367. Plaintiff requests declaratory relief, prospective relief, correction, production, preservation, accounting, custodian certification, DOR correction through responsible municipal/court/county records, and damages authorized by law.

## XXXVIII-A. ADDITIONAL BARRIERS TO DISMISSAL

368. Rule 19 / Indispensable Party: Joinder of the Missouri Department of Revenue is not required for complete relief because municipal and court defendants control the records, transmission, and correction processes that caused the DOR-related injuries. The DOR's interests are adequately represented by those defendants. Sovereign immunity makes joinder infeasible. Under Fed. R. Civ. P. 19(b), the balance of factors favors proceeding without DOR as a named defendant.

369. Timeliness / Limitations: Each claim accrued on the date of the specific wrongful act establishing the injury: for Count I, the false guilty-plea entry date; for Count II, the date of the guilty finding after the earlier not-guilty plea; for Count III, the warrant/record seizure date; for Count IV, the payment demand and point transmission date; for Count V, the financial-interest nondisclosure and accounting refusal date; for Count VI, each supplemental state-law wrong; for Count VII, the last custom-based act. The

continuing violations doctrine applies because the record maintenance, nonproduction, DOR transmission, and enforcement continue to the present. The discovery rule applies because accounting nondisclosure and financial-interest concealment were not discoverable until defendants refused production after notice. Each notice and demand served on defendants (Ex. D through I) operated to toll any applicable limitations period and preserve the claims.

370. Adequate State Post-Deprivation Remedy: State habeas, mandamus, state administrative remedies, and municipal appeals are inadequate as a matter of law because they cannot reach the independent federal claims: record integrity under the Fourth and Fourteenth Amendments, accounting nondisclosure, financial-interest nondisclosure, continued enforcement after notice, and municipal custom liability. State remedies are procedurally barred from granting the type of prospective correction, certification, preservation, and accounting relief required here. The adequacy of post-deprivation remedies is measured against the specific injury alleged, and no state remedy addresses the municipal record chain, custodian certification, DOR correction, or financial accounting at issue.

371. Waiver by Guilty Plea / Habeas Boundary: A guilty plea does not waive § 1983 claims challenging post-judgment record maintenance, DOR transmission, accounting nondisclosure, or continued enforcement after notice. Menna v. New York, 423 U.S. 61 (1975); Blackledge v. Allison, 436 U.S. 407 (1978). These claims challenge conduct independent of the conviction itself and were unknown or incapable of being raised at the time of the plea. The § 1983 claims here do not necessarily imply invalid conviction but challenge separate constitutional injuries flowing from record falsification, nonproduction, financial-interest nondisclosure, and continued enforcement after notice. Because the claims do not impugn the validity of the conviction or sentence, habeas exhaustion is not required. Preiser v. Rodriguez, 411 U.S. 475 (1973); Wolff v. McDonnell, 418 U.S. 539 (1974). Authority Packet §§ 28, 30

372. No Adequate Remedy at Law for Equitable Relief: Money damages alone are inadequate to redress the ongoing record injury, continuing enforcement, DOR consequences, and accounting nondisclosure. Each day that false records remain uncorrected causes irreparable harm to Plaintiff's record integrity, property interests, and liberty interests that cannot be fully compensated by money damages alone. Corrective, preservative, and accounting relief are prerequisite to any meaningful legal remedy.

373. Tax Injunction Act / Anti-Injunction Act: This action does not challenge the assessment or collection of a tax. It challenges constitutionally defective records, accounting nondisclosure, financial-interest concealment, and enforcement conducted through false or unsupported records. The Tax Injunction Act (26 U.S.C. § 7421 (editorial commentary, not law)) and Anti-Injunction Act (28 U.S.C. § 2283 (editorial commentary, not law)) do not bar constitutional claims for record correction, accounting, and damages independent of any tax assessment.

374. Political Question Doctrine: The complaint does not ask this Court to interpret congressional intent or adjudicate non-justiciable political questions. It asks whether specific defendants used a derogatory label as a factual basis for deprivations, which is a justiciable factual and legal inquiry. Baker v. Carr, 369 U.S. 186 (1962). None of the Baker factors are present: there is no textual commitment of the issue to another branch; there are judicially manageable standards; and no policy decision requiring non-judicial discretion is presented. Authority Packet § 36

374A. Plaintiff uses Public Resolution No. 67, ch. 183, 54 Stat. 178, for its congressional civic meaning and to prevent label substitution. The issue is justiciable because courts have judicially manageable standards for determining whether Defendants produced source law, source records, plea / waiver records, accounting records, bond / registry / security records, DOR-transmission records, financial-interest records, and custodian certifications. Baker v. Carr, 369 U.S. 186

(1962), does not bar review because this case presents record, due-process, source-law, municipal-liability, and correction issues capable of judicial determination. Authority Packet § 2, 36

375. Mootness / Voluntary Cessation: Any defendant's voluntary offer to correct a record mid-suit does not moot the action because plaintiff seeks damages, accounting, and prospective relief. Voluntary cessation of challenged conduct does not moot a case unless it is absolutely clear the conduct will not recur. United States v. Concentrated Phosphate Export Ass'n, Inc., 393 U.S. 199 (1968). The ongoing nature of municipal record maintenance, DOR transmission practices, and accounting systems means the challenged conduct is capable of repetition. Authority Packet § 37

375A. United States v. Concentrated Phosphate Export Ass'n, Inc., 393 U.S. 199 (1968), confirms that voluntary cessation does not moot a case where the defendant remains free to resume the challenged conduct. Any later correction, withdrawal, dismissal, record alteration, payment adjustment, or enforcement pause does not moot Plaintiff's claims unless Defendants produce complete correction, accounting, recall, preservation, source-record certification, and proof that the challenged conduct cannot reasonably recur. Authority Packet § 37

376. Judicial Estoppel / Collateral Estoppel: Plaintiff's positions have been consistent throughout: the NAME/record distinction, the source-record demand, and the accounting demand. No inconsistent positions were taken in prior proceedings. The federal claims here—record integrity, accounting, financial-interest nondisclosure, and constitutional capacity distinction—were not actually litigated or necessarily decided in any prior state proceeding. Issue preclusion requires actual litigation and necessary decision, which is absent here. Taylor v. Sturgell, 553 U.S. 880 (2008), confirms that nonparty preclusion requires a judgment that would have been binding on the party had they been present, and that claim preclusion does not apply where the party was not actually litigating the same claim or where the judgment would not have been binding. Authority Packet § 29

376A. Ashcroft v. Iqbal, 556 U.S. 662 (2009), confirms that a complaint must contain sufficient factual matter to state a claim that is plausible on its face. Legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not entitled to the assumption of truth. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The complaint survives by pleading facts tied to exhibits, rules, records, and dates, not labels. Authority Packet § 28

377. Zone of Interests / Statutory Cause of Action: Plaintiff is directly within the zone of interests protected by the Fourth, Fifth, Ninth, and Fourteenth Amendments and the Civil Rights Act of 1871, ch. 22, 17 Stat. 13. He is the record subject, property owner, enforcement target, and party whose procedural due process and privacy rights are directly at issue. The zone-of-interests analysis does not bar constitutional claims. Authority Packet § 1, 17

378. Rule 11 Factual Basis: Every factual allegation in this complaint is based on personal knowledge or is accurately identified from the public-redacted exhibits cited herein. The exhibits are part of the Official Exhibit Record filed simultaneously herewith or previously served on defendants. All allegations have evidentiary support or are likely to have such support after reasonable discovery.

379. Commercial Paper / Clearfield: The use of the NAME DWAYNE JEMON HARRIS to create bonds, commercial paper, securities, electronic registry entries, and payment-agreement instruments places defendants in commercial-paper merchant status. Clearfield Trust Co. v. United States, 318 U.S. 363

(1943). As commercial actors, defendants are not entitled to sovereign or qualified immunity and must produce the bond, surety, registry, security, discount, reinvestment, transfer, and commercial-chain records. Their own rule books show bond/registry/security structures while they deny commercial-paper status on the record.  Authority Packet § 25

*Rule 8(a)(2) requires only a short and plain statement showing entitlement to relief with fair notice of the claim and grounds upon which it rests. This complaint exceeds that standard by pleading facts, exhibits, dates, injuries, and authorities with specificity.*

## XXXIX. DECLARATORY RELIEF

380. An actual controversy exists concerning source law, source records, guilty-plea / waiver records, injured-party / public-right records, bond / registry / security records, accounting records, DOR injury records, financial-interest records, bridge records, capacity distinction, property/res interests, and continued enforcement after notice.

381. Plaintiff requests a declaration that 54 Stat. 178 uses "sovereign citizens" in a civic citizenship / self-government context and that derogatory use of the phrase proves no jurisdiction, waiver, guilty plea, accounting, bond status, registry status, DOR authority, financial-interest disclosure, lawful enforcement, or custodian certification.  Authority Packet § 2

382. Plaintiff requests a declaration that Dwayne Jemon Harris - Rex El and DWAYNE JEMON HARRIS are not collapsed capacities.

383. Plaintiff requests a declaration that Plaintiff's estate/res/property claim is a real record-based issue requiring source-record treatment.

384. Plaintiff requests a declaration that no authenticated guilty-plea / waiver source record has been produced.

385. Plaintiff requests a declaration that no produced source record identifies a natural-person victim, verified injured party, injured public right, verified complainant, harm, damage, trespass, superior title, lawful public claim, or accounting record.

386. Plaintiff requests a declaration that Fidelity returns are value-bearing identifier-return evidence requiring bridge records and are not pleaded as standalone proof of case-level ownership.

387. Plaintiff requests a declaration that continued enforcement after notice and nonproduction is action under color of law where performed through municipal, county, court, prosecutor, clerk, records, software, finance, or public-finance machinery.

## XL. INJUNCTIVE, CORRECTIVE, ACCOUNTING, PRESERVATION, AND DOR-RELATED RELIEF

388. Plaintiff requests an order stopping use of challenged false or unsupported records until source records are produced or correction is completed.

389. Plaintiff requests correction of false or unsupported plea, conviction, payment, point, hold, suspension, license, and enforcement records.

390. Plaintiff requests correction, withdrawal, recall, notice of correction, and record-clearing relief for unsupported DOR consequences arising from the challenged municipal and court records.

391. Plaintiff requests production of accounting records and custodian certifications.

392. Plaintiff requests preservation of bond, registry, security, accounting, DOR-related transmission, software, audit-log, financial, Fidelity-bridge, and public-finance records.

393. Plaintiff requests an injunction against unsupported enforcement, holds, suspensions, warrants, collections, payment demands, and DOR consequences arising from unsupported records.

394. Plaintiff requests production of source law, source records, injured-party / public-right records, plea / waiver records, bond / registry / security records, accounting records, DOR transmission records, bridge records, financial-interest records, and custodian certifications.

395. Plaintiff requests identification of each custodian with custody, control, or access to each demanded record category.

## XLI. DAMAGES, RESTITUTION, DISGORGEMENT, COMPENSATION, COSTS, AND JURY DEMAND

396. Plaintiff requests damages authorized by law for due-process injury, false-record injury, DOR/license injury, property/res injury, accounting injury, financial-interest injury, and continued-enforcement injury.

397. Plaintiff requests restitution, disgorgement, compensation, and accounting-based relief where accounting proves unauthorized retention, benefit, use, taking, damaging, conversion, unjust enrichment, proceeds, or improper disposition.

398. Plaintiff requests costs and fees where authorized by law.

399. Plaintiff demands trial by jury on all triable issues.

## XLII. FINAL PRAYER FOR RELIEF

A. Declare that Plaintiff's personal rights, property rights, record rights, source-record rights, and due-process rights are not displaced by docket labels, agency assertions, clerk notation, prosecutor argument, municipal custom, or software output.

B. Declare that the civic congressional use of "sovereign citizens" in 54 Stat. 178 cannot be converted into a derogatory enforcement label or proof substitute. Authority Packet § 2

C. Declare that the living man, personal and professional representative capacity, State-maintained NAME / record / estate designation, and estate/res/trust-property interests are not collapsed capacities.

D. Declare that no authenticated guilty-plea / waiver source record has been produced.

E. Declare that no produced source record identifies natural-person victim, verified injured party, injured public right, verified complainant, harm, damage, trespass, superior title, lawful public claim, or accounting record.

Page **38** of 40

F. Declare that the rule-book NAME and case-number architecture makes bond, surety, registry, security, accounting, refund, investment, transfer, cost, fine, disbursement, and custodian records material.

G. Declare that DOR reliance on municipal records does not authenticate the municipal source records.

H. Declare that Fidelity returns are value-bearing identifier-return evidence requiring governmental bridge records.

I. Order Defendants and custodians to produce source law, source records, plea/waiver records, injured-party/public-right records, charging records, municipal files, Trial De Novo files, bond records, surety records, registry records, accounting records, DOR transmission records, financial-interest records, securities-collateral records, public-finance records, Fidelity bridge records, and custodian certifications.

J. Order correction of false or unsupported Florissant, Maryland Heights, payment, conviction, plea, point, hold, license, and enforcement records, including unsupported downstream DOR consequences arising from municipal and court records.

K. Order preservation of all records described in this complaint.

L. Enjoin unsupported enforcement, holds, suspensions, warrants, collections, payment demands, and DOR consequences tied to unsupported records.

M. Award damages authorized by law.

N. Award restitution, disgorgement, compensation, and accounting-based relief where the accounting establishes retention, benefit, use, taking, damaging, conversion, unjust enrichment, proceeds, or improper disposition.

O. Award punitive damages against individual Defendants who acted with malicious intent, reckless indifference, or deliberate disregard of Plaintiff's constitutional rights, under 42 U.S.C. § 1983 (editorial commentary, not law) and Smith v. Wade, 461 U.S. 30 (1983), in an amount equal to two to three times the compensatory damages for each individual defendant, each continued-enforcement act constituting a separate punitive event. Authority Packet § 31

P. Award costs and fees where authorized by law.

Q. Grant trial by jury on all triable issues.

R. Order an independent forensic audit of municipal, county, and court finances, registries, bonds, securities, accounting systems, Fidelity bridge records, and public-finance records for the period October 16, 2025, through the date of judgment, with costs taxed against Defendants.

S. Order Defendants to pay Plaintiff's costs of this action, including forensic accounting, record retrieval, and custodian certification costs.

T. Grant all additional relief supported by the record and law.

## XLIII. VERIFICATION

I, Dwayne Jemon Harris - Rex El, verify under penalty of perjury that the factual statements made from my personal knowledge are true and correct, and that the record-based statements are accurately identified from the public-redacted exhibits cited in this complaint.

Executed on: _June 29th 2026_

Respectfully filed,

Dwayne Jemon Harris - Rex El
Pro Per
personal and professional representative
P.O. Box 284
Florissant, Missouri 63032

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Verified Federal Civil Complaint and Demand for Jury Trial, together with the Official Exhibit Record and Official Authority Packet identified herein, will be served upon each Defendant through the service method authorized by the Federal Rules of Civil Procedure after summons issuance by the Clerk.

Executed on: _June 29th 2026_

Dwayne Jemon Harris - Rex El
Pro Per